1  JOSEPH A. SCHWACHTER, Bar No. 108124
   MICHAEL J. HUI, Bar No. 273212
2  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
3  San Francisco, CA  94104
   Telephone:    415.433.1940
4  Fax No.:       415.399.8490
   jschwachter@littler.com
5  mhui@littler.com

6  Attorneys for Defendant
   VERSACE USA, INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  CHRISTOPHER SAMPINO, on behalf of       Case No.  _____
    himself, all others similarly situated, and
12  the general public,                     [Alameda County Superior Court Case No.
                                            RG16839178]
13              Plaintiff,
                                            **DECLARATION OF MICHAEL J. HUI IN**
14       v.                                 **SUPPORT OF DEFENDANT VERSACE**
                                            **USA, INC.'S NOTICE TO FEDERAL**
15  VERSACE USA, Inc., a New York           **COURT FEDERAL COURT OF REMOVAL**
    corporation and DOES 1 through 100,     **OF CIVIL ACTION FROM STATE COURT**
16  inclusive,
                                            **[28 U.S.C. §§ 1332(A), 1441& 1446]**
17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.  _____                    Declaration of Michael J. Hui

I, Michael J. Hui, declare as follows:

1.     I am attorney licensed to practice law in the State of California and before this Court. I am one of the attorneys representing Defendant Versace USA, Inc. ("Versace") in this case and make this declaration in support of Versace's Notice of Removal to Federal Court. All of the information set forth in this Declaration is based on my personal knowledge and, if called and sworn as a witness, I could and would competently testify regarding the contents of this Declaration.

2.     Attached as **Exhibit A** is a true and correct copy of documents filed on Versace on November 16, 2016 in the matter of *Christopher Sampino, on behalf of himself, all others similarly situated, and the general public v. Versace USA, Inc. a New York corporation, and DOES 1 through 100*, County of Alameda Superior Court Case No. RG16839178, which includes a Summons and Civil Case Cover Sheet.

3.     Attached as **Exhibit B** is a true and correct copy of the Versace's Answer, filed on December 13, 2016, to Plaintiff's Complaint.

4.     Attached as **Exhibit C** is a true and correct copy of the summaries cited in Versace's Notice of Removal.

5.     As of today, no other parties have been named or validly served with the Summons and Complaint in this matter.

I declare, under penalty of perjury and the laws of the United States, that the foregoing is true and correct. Executed on December 15, 2016, in San Francisco, California.

MICHAEL J. HUI

Firmwide:144404977.1 068570.1007

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No. _____          2.          Declaration of Michael J. Hui

# Exhibit A

*14912023*

HOFFMAN EMPLOYMENT LAWYERS, PC
Michael Hoffman (SBN 154481)
mhoffman@employment-lawyers.com
Stephen Noel Ilg (SBN 275599)
silg@employment-lawyers.com
580 California Street, 16th Floor
San Francisco, CA 94104
Tel.: (415) 362-1111
Fax:  (415) 362-1112

Attorneys for Plaintiff Christopher Sampino

**FILED**
**ALAMEDA COUNTY**

NOV 16 2016

CLERK OF THE SUPERIOR COURT
By _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

Christopher Sampino, on behalf of himself,
all others similarly situated, and the general
public,

                    Plaintiffs,

      vs.

Versace USA, Inc., a New York
corporation, and DOES 1 through 100,
inclusive,

                  Defendants.

Case No. RG16839178

**CLASS ACTION**

1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);
2. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);
3. **FAILURE TO MAINTAIN ACCURATE RECORDS** (Lab. Code §§ 1174, 1174.5);
4. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Lab. Code §§ 226(e), 226.3);
5. **FAILURE TO PAY FINAL WAGES ON TIME** (Lab. Code § 201 *et seq.*);
6. **RACE DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*);
7. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*);
8. **WRONGFUL TERMINATION** (*Tameny v. Atlantic Richfield Company*)
9. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code § 17200 *et seq.*)

**JURY TRIAL DEMANDED**

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-1-

*Sampino v. Versace USA, Inc.*
Complaint

BY FAX

1    This Complaint is brought by Plaintiff Christopher Sampino ("Plaintiff" and/or "Mr.

2  Sampino"), on behalf of himself, all others similarly situated, and the general public, against his

3  former employers, Defendant Versace USA, Inc. ("Versace", and/or "Versace Store"), and

4  DOES 1-100, inclusive. ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby

5  demands a jury trial on all causes of action. Plaintiff alleges the following:

6                                    **PLAINTIFF**

7    1.    At all times material herein, Plaintiff Sampino was and is a competent adult and

8  resident of the State of California, County of Alameda.  Plaintiff began working for Defendants

9  as a retail salesperson on or about September 18, 2016.  While working for Defendants,

10 Plaintiff's job duties included but were not limited to: helping customers with shopping,

11 maintaining organization of merchandise, processing sales of clothing and accessories.

12                                   **DEFENDANTS**

13   2.    At all times material herein, Defendant Versace was and is a New York

14 corporation registered to do business in the State of California, including but not limited to

15 conducting business within Alameda county, with its corporate headquarters located in New

16 York, New York.  Defendant Versace is in the luxury fashion industry.  On information and

17 belief, Defendant Versace sells ready to wear fashions and leather accessories. At all relevant

18 times alleged herein, Plaintiff is informed and believes that Defendant Versace is authorized to

19 and does conduct business in the State of California in the fashion industry, including but not

20 necessarily limited to the store located at 3820 Livermore Outlet Drive in Pleasanton,

21 California.

22   3.    Plaintiff is informed and believes and, based thereon, alleges that, within the

23 Class Period, Defendants conducted business within the fashion industry. In so doing, there are

24 hundreds, if not thousands, of individuals in recent years alone who qualify to participate as a

25 Class Member in this action.

26   4.    The defendants identified as DOES 1 through 100, inclusive, were, at all times

27 herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest,

28 officers, directors, partners, and/or managing agents of some or each of the remaining

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-

2  mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed,

3  and/or exercised control over the conditions of Plaintiff and Class Members which led to the

4  instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant

5  is liable and responsible to Plaintiff and Class Members for the acts of every other Defendant.

6  The true names and capacities of the DOE Defendants, whether individual, corporate, associate

7  or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious

8  names pursuant to California Code of Civil Procedure §474. Plaintiff is informed and believes

9  that the DOE Defendants are residents of the State of California. Plaintiff will amend this

10  complaint to show such DOE Defendants' true names and capacities when they are known.

11       5.   :   Plaintiff is informed and believes and thereon alleges that, unless otherwise

12  indicated, each Defendant was the agent and/or employee of every other Defendant within the

13  course and scope of said agency and/or employment, with the knowledge and/or consent of said

14  Defendant.

15                    <u>JURISDICTION AND VENUE</u>

16       6.   This Court is the proper Court, and this action is properly filed in the Superior

17  Court of the State of California for the county of Alameda, because Defendant Versace transacts

18  business within this county at 3820 Livermore Outlet Drive in Pleasanton, California. Plaintiff

19  and Class Members performed work for Defendants and experienced the legal violations that are

20  the subject of this Complaint in the store located at 3820 Livermore Outlet Drive in Pleasanton,

21  California.

22       7.   This Court has jurisdiction over the Plaintiff's and Class Members' claims for

23  damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of

24  ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business

25  practices, and attorneys' fees and costs pursuant to, *inter alia.*, California Business and

26  Professions Code §§ 17200-17208, and the statutes cited herein.

27                  <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-3-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

8.      Defendants regularly and systematically do business in the State of California and are subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants regularly employ five or more persons. Plaintiff timely filed a charge of discrimination, failure to investigate discrimination and retaliation against Defendants with the California Department of Fair Employment and Housing ("DFEH"). On November 16, 2016, Plaintiff received a notice of the right to sue from the DFEH pursuant to California Government Code §12965(b). Plaintiff filed this action within one year of the date of his DFEH right-to-sue letter(s); therefore, administrative remedies have been properly exhausted.

9.      Plaintiff will satisfy all applicable administrative requirements then amend to add a claim pursuant to the Private Attorney General's Act, California Labor Code section 2698 *et seq.*

10.     Pursuant to California Labor Code Section 2699.5, Plaintiff has exhausted all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiff's cause of action brought pursuant to the Private Attorney General's Act ("PAGA"), California Labor Code section 2699 *et seq.* Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. Plaintiff has given written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations. More than 33 days have passed, and no response has been received from the LWDA. Accordingly, Plaintiff has satisfied all prerequisites to pursing PAGA claims.

11.     Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

12.     The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to

-4-

*Sampino v. Versace USA, Inc.*
Complaint

1   the institution of this action, insofar as such prerequisites pertain to any of the remaining causes

2   of action in this complaint.

3   <u>**FACTS REGARDING PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION**</u>

4       13.   Plaintiff Christopher Sampino is a 23-year-old man who is one quarter African

5   American. On or about September 18, 2016, Plaintiff began work at the Versace USA, Inc. store

6   located at 3820 Livermore Outlet Drive in Pleasanton, California. During Plaintiff's second

7   shift, a training manager asked Plaintiff if he knew about the "D410 Code." The manager

8   instructed Plaintiff to say "D410" in a casual manner when a black person entered the

9   store. The manager informed Plaintiff that this code is used to alert co-workers that "a black

10  person is in the store."

11      14.   The manager also told Plaintiff that he could "hold a black shirt" when using the

12  code "so that they don't know what you are talking about." The manager then showed a clothing

13  tag to Plaintiff and informed him, "D410 is on all black clothing."

14      15.   The Plaintiff responded by telling the manager, "You know that I'm African

15  American?" Plaintiff said the manager seemed surprised by Plaintiff's response.

16      16.   On information and belief, managers treated Plaintiff differently after he

17  announced that he is African American. For example, Plaintiff observed that training no longer

18  seemed legitimate after he announced that he is African American. On information and belief,

19  Plaintiff did not receive proper training with regard to rest breaks and did not take rest breaks.

20  Plaintiff further did not receive login information needed to access an online database where

21  employees retrieve print outs of pay stubs.

22      17.   During the course of his employment, Plaintiff met or exceeded expectations

23  with regards to job performance. However, Plaintiff was terminated on or about October 1,

24  2016. Defendant(s) told Plaintiff he was not being terminated because of his "performance," but

25  because he "[doesn't] understand luxury," and because he "[doesn't] know the luxury life."

26  Defendant(s) also told Plaintiff that he was being dismissed because he hasn't "lived the luxury

27  life." Defendant(s) told Plaintiff to quit because "that would make the paperwork easier."

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-5-

18.     On information and belief, Plaintiff was not paid for the time he worked on the day he was terminated and did not receive his final paycheck on the day he was terminated.

### FACTS REGARDING PLAINTIFF'S CLASS ACTION CAUSES OF ACTION

19.     All policies and practices described herein were in place at all of Defendants' business locations in California.  As such, all members of the classes were subject to these same unlawful policies and practices in violation of California law. Plaintiff is informed and believes that Defendants knowingly engaged in the unlawful acts alleged herein, thereby enjoying a significant competitive edge over other companies within its industry. In many, if not all cases, these common practices have led to willful violations of California and federal law, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the statutes cited herein.

20.     Plaintiff and Class Members were not consistently authorized or permitted to take meal and rest breaks as required by California law.   Pursuant to California law, an employee is entitled to one ten-minute rest period if required to work at least three and one-half hours, two ten-minute rest periods if required to work more than six hours, and three ten-minute rest periods if required to work more than ten hours. Pursuant to California law, an employee is entitled to one thirty-minute meal period if required to work at least five hours and two thirty-minute meal periods if required to work at least ten hours. Defendants did not consistently provide the meal and rest periods to which Plaintiff and Class Members were entitled because business needs took precedence, routinely interfering with his breaks.   If Plaintiff or Class Members failed to address business needs at any time, including during breaks, they were subject to discipline, up to and including termination.   Despite these policies and practices, Plaintiff alleges on information and belief that Defendants have not paid missed meal or rest period premiums to Plaintiff or Class Members. Defendants failed to provide meal and rest periods and failed to make premium payments to Plaintiff and Class Members for missed meal and rest breaks. Defendants' failure to properly record all breaks and failure to pay applicable premiums, resulted in part from Defendants' failure to properly record all hours worked. Defendants' failure to properly record all breaks and failure to pay applicable premiums resulted

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600 .
San Francisco, CA 94104
(415) 362-1111

1    in payroll records such as wage statements that were not accurate or legally compliant, in

2    violation of California Labor Code § 226 and/or 1174(d).

3        21.    Further, Class Members were required to work "off the clock." After clocking

4    out, each employee was required to have their bags checked by security. This took up to 15

5    minutes per shift for each employee—and Class Members were not paid for this time for "off

6    the clock" work.

7        22.    Even after Plaintiff or Class Members were terminated or voluntarily resigned,

8    Defendants refused to pay owed wages despite California Labor Code §§ 201-204, inclusive.

9    More than 30 days has passed since certain individuals left Defendants' employ, entitling those

10   individuals to the maximum penalties.

11       23.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

12   herein, Plaintiff and Class Members have sustained damages, as described above, including

13   monetary losses and other damages in an amount to be established at trial. As a further direct

14   and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class

15   Members are entitled to recover penalties and damages for the claims described herein in an

16   amount to be established at trial. As a further direct and proximate result of Defendants'

17   unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover

18   attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

19       24.    Plaintiff brings this action on behalf of himself and as a class action on behalf of

20   the following Hourly Employee Class and PTO Subclass:

21       All persons were employed by Versace USA, Inc., in the State of California as a
         retail salesperson at any time on or after the date that is four years prior to when
22       the Complaint was filed.

23       Terminated Subclass: All persons who are eligible for membership in the
         Class but who are no longer employed by Defendant.
24

25   Class Members can be identified through Defendants' records including employee

26   timekeeping and payroll records.

27       25.    Defendants and their officers and directors are excluded from any class defined

28   in the preceding paragraphs.

-7-

*Sampino v. Versace USA, Inc.*
Complaint

26.   This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

a.   Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

b.   Commonality: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)   Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

2)   Whether Defendants violated and/or continues to violate, California Labor Code § 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

3)   Whether Defendants violated, and continues to violate California Labor Code §§ 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

4)   Whether Defendants violated and/or continues to violate California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

c.   Typicality: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.   Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-8-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

e.   <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

**FIRST CAUSE OF ACTION**

**FAILURE TO COMPENSATE FOR ALL HOURS WORKED**

(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)

*(On behalf of Plaintiff and all Class Members against all Defendants)*

27.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

28.   Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code Sections 200-204, 225.5, 500, 510, 558 1197, 1198.

29.   Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

30.   Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

31.   Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

32.   Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

33.   Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an

-9-

1  additional violation to the extent Defendants are in fact secretly paying less than the designated

2  wage scale.

3      34.    As alleged throughout this Complaint, Defendants failed to track their hours

4  worked or pay them for all hours worked, including overtime hours worked.

5      35.    Defendants refused to compensate Plaintiff and Class Members for some and/or

6  all of the wages (including overtime wages) earned, in violation of the applicable California

7  Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

8      36.    At all relevant times, Defendants were aware of, and were under a duty to

9  comply with the wage and overtime provisions of the California Labor Code, including, but not

10  limited to California Labor Code Sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198.

11  Plaintiff and Class Members are not exempt from the requirements of the Employment Laws

12  and Regulations. Plaintiff and Class Members have been deprived of his rightfully earned

13  compensation as a direct and proximate result of Defendants' failure and refusal to pay said

14  compensation. Under California employment laws and regulations, Plaintiff and Class Members

15  are entitled to recover compensation for all hours worked, in addition to reasonable attorney's

16  fees and costs of suit.

17      37.    Labor Code section 216 provides, "In addition to any other penalty imposed by

18  this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a

19  misdemeanor, who:     (a) Having the ability to pay, willfully refuses to pay wages due and

20  payable after demand has been made.    (b) Falsely denies the amount or validity thereof, or that

21  the same is due, with intent to secure for himself, his employer or other person, any discount

22  upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the

23  person to whom such indebtedness is due."

24      38.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

25  herein, Plaintiff and Class Members have sustained damages, including loss of earnings for

26  hours worked, including overtime hours worked, on behalf of Defendants, in an amount to be

27  established at trial, and are entitled to recover attorneys' fees and costs of suit.

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-10-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
(Lab. Code § 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

39.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40.    Plaintiff and Class Members were employed by Defendants within the State of California.

41.    At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226.7 and 512.

42.    California Labor Code § 226.7 provides:

> No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> . . . .
> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

43.    Moreover, California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

44.    By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendants violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the applicable IWC Wage Order.

45.    Section 11 of the applicable Wage Order provides:

-11-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

a.   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

b.   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

c.   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

46.   Moreover, Section 12 of the applicable Wage Order provides:

a.   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

47.   By failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and §§ 11 and 12 of the applicable IWC Wage Order.

48.   Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any Class Member.

49.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

50. Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

51. Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

52. Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

53. Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Class Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

54. Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Class Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

55. Defendants routinely failed to authorize and permit all entitled meal and rest periods by requiring Plaintiff and Class Members to attend to business instead of authorizing and permitting Plaintiff and Class Members to take these meal and rest periods.

56. Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

57. Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

58. Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods. Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

59. Plaintiff and Class Members have been deprived of his rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

60. Plaintiff and Class Members have been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
(Lab. Code §§ 1174, 1174.5)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

61. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

62. California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall ... [k]eep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

63. Defendants failed to maintain accurate records of the hours worked and the wages paid to Plaintiff and Class Members. Defendants did not employ policies, procedures, and practices to track Plaintiff's and Class Members' hours.

64. Plaintiff and Class Members were injured by Defendants' failure to maintain accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for

-14-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   all hours worked, and thus suffered monetary damages due to Defendants' policies described

2   above.

3       65.   Plaintiff and Class Members are not exempt from the requirements of the

4   Employment Laws and Regulations.

5       66.   Based on Defendants' conduct as alleged herein, Defendants are liable for

6   damages and statutory penalties pursuant to California Labor Code section 1174, 1174.5, and

7   other applicable provisions of the Employment Laws and Regulations in amounts to be

8   established at trial, as well as attorneys' fees and costs, pursuant to statute.

9

10                       **FOURTH CAUSE OF ACTION**
                **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**

11                        (Lab. Code §§ 226(e), 226.3)

12              (*On behalf of Plaintiff and all Class Members against all Defendants*)

13      67.   Plaintiff incorporates in this cause of action each and every allegation of the

14   preceding paragraphs, with the same force and effect as though fully set forth herein.

15      68.   California Labor Code § 226(a) provides:

16   Every employer shall, semimonthly or at the time of each payment of wages,
     furnish each of his employees, either as a detachable part of the check, draft, or

17   voucher paying the employee's wages, or separately when wages are paid by
     personal check or cash, an accurate itemized statement in writing showing (1)

18   gross wages earned, (2) total hours worked by the employee, except for any
     employee whose compensation is solely based on a salary and who is exempt

19   from payment of overtime under subdivision (a) of Section 515 or any applicable
     order of the Industrial Welfare Commission, (3) the number of piece-rate units

20   earned and any applicable piece rate if the employee is paid on a piece-rate basis,
     (4) all deductions, provided that all deductions made on written orders of the

21   employee may be aggregated and shown as one item, (5) net wages earned, (6)
     the inclusive dates of the period for which the employee is paid, (7) the name of

22   the employee and his social security number, except that by January 1, 2008,
     only the last four digits of his social security number or an employee

23   identification number other than a social security number may be shown on an
     itemized statement, (8) the name and address of the legal entity that is the

24   employer, and (9) all applicable hourly rates in effect during the pay period and
     the corresponding number of hours worked at each hourly rate by the employee.

25   The deductions made from payment of wages shall be recorded in ink or other
     indelible form, properly dated, showing the month, day, and year, and a copy of

26   the statement and the record of the deductions shall be kept on file by the

27

28

-15-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

employer for at least three years at the place of employment or at a central location within the State of California.

69.     California Labor Code § 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

70.     California Labor Code § 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).
(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
(iv) The name of the employee and only the last four digits of his social security number or an employee identification number other than a social security number.

71.     California Labor Code § 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

-16-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

72.    Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate.   Plaintiff and Class Members in fact never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours worked.

73.    Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

74.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

75.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY FINAL WAGES ON TIME
(Lab. Code §§ 201-204)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

76.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77.    California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge. Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

-17-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

78.   At all relevant times herein, Defendants failed to implement a policy and practice to pay Class Members, including Plaintiff, accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.  As a result, Class Members whose employment has ended have not been paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

79.   Defendant willfully failed to pay all final wages on time.

80.   Defendants willfully failed to pay all final wages to involuntarily terminated employees at the time of discharge even though California Labor Code § 201 requires that employers provide immediate payment of all final wages at the time of termination.

81.   Defendants willfully failed to pay all final wages on time to employees who voluntarily resigned. Defendants were made aware of each terminated employee's preference with respect to an election of whether to receive final wages by tender in person or by delivery. Those who elected to receive tender in person were present at the workplace to collect payment. Accordingly, California Labor Code § 202 has been satisfied.

82.   Class Members are not exempt from these requirements of the Employment Laws and Regulations.

83.   Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code § 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### SIXTH CAUSE OF ACTION
### RACE DISCRIMINATION AND HARASSMENT
(California Gov't Code §12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

84.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

-18-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

85.    At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code § 12940 et seq.) (hereinafter "FEHA) and Plaintiff was an employee within the meaning of the FEHA. This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing.  Defendants regularly and systematically do business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants regularly employed five or more persons.

86.    Under the FEHA and the common law of the State of California, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic.  This public policy is embodied in the Constitution of the State of California and California Gov't. Code § 12940 and other provisions of law.  Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state. Defendants' conduct violates California public policy expressed in the FEHA.

87.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic.  Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940.  Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65.

88.    As alleged above, Plaintiff was entitled to protection under the FEHA based on the fact that Plaintiff is an employee that has a protected characteristic.

89.    As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code Section 12940 *et seq.*

-19-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

90.     Defendants were aware that Plaintiff was an employee that has a protected characteristic.

91.     With respect to harassment pursuant to Section 12940(j) specifically, "employer" includes "any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." California Gov't Code § 12940(j)(4).

92.     California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

93.     California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to

-20-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  take immediate and appropriate corrective action. In reviewing cases involving the acts of

2  nonemployees, the extent of the employer's control and any other legal responsibility that the

3  employer may have with respect to the conduct of those nonemployees shall be considered. An

4  entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job

5  benefits shall not be necessary in order to establish harassment."

6      94.    Pursuant to California Government Code Section 12940(a), Defendants were

7  prohibited from taking any adverse employment action motivated by the fact that an employee

8  has a protected characteristic.

9      95.    According to California Government Code § 12926(j), "'Mental disability'

10  includes, but is not limited to, all of the following: (1) Having any mental or psychological

11  disorder or condition, such as intellectual disability, organic brain syndrome, emotional or

12  mental illness, or specific learning disabilities, that limits a major life activity. For purposes of

13  this section:  (A) 'Limits' shall be determined without regard to mitigating measures, such as

14  medications, assistive devices, or reasonable accommodations, unless the mitigating measure

15  itself limits a major life activity.  (B) A mental or psychological disorder or condition limits a

16  major life activity if it makes the achievement of the major life activity difficult.  (C) 'Major

17  life activities' shall be broadly construed and shall include physical, mental, and social activities

18  and working."

19      96.    At all times mentioned herein, Plaintiff was qualified for the position he held and

20  was performing competently in the position.  Furthermore, Plaintiff was willing and able to

21  perform the duties and essential functions of his position with or without a reasonable

22  accommodation.

23      97.    Defendants' discriminatory and harassing actions against Plaintiff, as alleged

24  above, including his termination of employment, constituted unlawful discrimination in

25  employment on account of the fact that Plaintiff was an employee that has a protected

26  characteristic, in violation of California Government Code Section 12940.

27      98.    This is a claim for relief arising from Defendants' causing, and its failure to

28  prevent, disability discrimination and harassment against Plaintiff.

-21-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

99.    Because of Defendants' failure to prevent harassment and discrimination, Plaintiff suffered adverse employment actions, including termination.

100.   Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by the fact that Plaintiff has a protected characteristic.

101.   Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

102.   As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, depression, anxiety, loss of sleep, loss of appetite, and body-aches in addition to their monetary damages.

103.   As a direct and proximate result of the actions of Defendants, including the discrimination and harassment against Plaintiff as described herein, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits. Accordingly, Plaintiff is entitled to general compensatory damages in amounts to be proven at trial. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct describe herein above.

104.   Plaintiff is informed and believes, and based thereon allege, that the conduct of Defendants as alleged herein was malicious, oppressive, in conscious disregard of Plaintiff's rights, and with the purpose and intent of harming and injuring Plaintiff and defrauding him/her/them out of benefits and compensation to which he/she/they were rightfully entitled, and therefore constitutes "malice" as that term is defined in California Civil Code Section 3294, triggering the right to punitive and exemplary damages according to proof, as well as attorneys' fees and costs, pursuant to statute.

-22-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

105.    By discriminating against and harassing Plaintiff in violation of Government Code Section 12940, Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

106.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

107.    Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code Section 12965(b).

## SEVENTH CAUSE OF ACTION
### FAILURE TO PREVENT AND INVESTIGATE
### DISCRIMINATION AND HARASSMENT
(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

108.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

109.    Under California law, there is a fundamental and well-established public policy against taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

110.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic.  Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940.  Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65.

-23-

111.   As alleged above, Plaintiff was entitled to protection under the FEHA based on the fact that Plaintiff is an employee that has a protected characteristic.

112.   As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code Section 12940 *et seq.*

113.   Defendants were aware that Plaintiff was an employee that has a protected characteristic.

114.   At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code § 12940 et seq.) (hereinafter "FEHA) and Plaintiff was an employee within the meaning of the FEHA. This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing.  Defendants regularly and systematically do business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants regularly employed five or more persons.

115.   Under the FEHA, including California Government Code Section 12940(k), and the common law of the State of California, Defendants owe to Plaintiff and Class Members a duty to take all reasonable steps necessary to investigate or prevent harassment and discrimination.

116.   Plaintiff complained about the harassment and discrimination to one of Plaintiff's managers.  Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to stop the harassment and discrimination.

117.   Despite Defendants' knowledge of Plaintiff's complaints, Defendants failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment.  Defendants similarly failed to take all reasonable steps to prevent discrimination from occurring.   On information and belief, Defendants do not provide adequate anti-discrimination training to their workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff and Class Members.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-24-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

118. As a result of Defendants' acts and omissions alleged above, Plaintiff and Class Members suffered injuries and damages in an amount according to proof at trial.

119. Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and other monetary damages. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial, in addition to attorneys' fees and costs.

120. Plaintiff seeks attorneys' fees and costs pursuant to California Government Code Section 12965(b).

121. California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of

-25-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  nonemployees, the extent of the employer's control and any other legal responsibility that the

2  employer may have with respect to the conduct of those nonemployees shall be considered. An

3  entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job

4  benefits shall not be necessary in order to establish harassment."

5     122.   Defendants' acts alleged herein are malicious, oppressive, despicable, and in

6  conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of

7  Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such,

8  punitive damages are warranted against Defendants.

9

10                        **EIGTH CAUSE OF ACTION**
            **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
11                   (*Tameny v. Atlantic Richfield Company*)
               (*On behalf of Plaintiff and all Class Members against all Defendants*)

12     123.   Plaintiff incorporates by reference paragraphs 1 through 122 as though set forth

13  fully herein.

14     124.   Under California law, there is a fundamental and well-established public policy

15  against discrimination, harassment or retaliation based on age.  Said public policy is embodied

16  in the Constitution of the State of California and California Labor Code §§ 98.6, 98.7, 230, and

17  other sections of the Labor Code. .Adverse employment actions taken by an employer motivated

18  by the age and/or disability of an employee are contrary to said public policy and are thus

19  actionable under the common law of this state.

20     125.   Named Plaintiff was terminated from his employment with Defendants based

21  upon Defendants' violation of public policy in retaliating against Named Plaintiff on account of

22  his race.

23     126.   During the course of his employment, Plaintiff met or exceeded expectations

24  with regards to job performance. However, Plaintiff was terminated on or about October 1,

25  2016. Defendant(s) told Plaintiff he was not being terminated because of his "performance," but

26  because he "[doesn't] understand luxury," and because he "[doesn't] know the luxury life."

27

28

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   Defendant(s) also told Plaintiff that he was being dismissed because he hasn't "lived the luxury

2   life." Defendant(s) told Plaintiff to quit because "that would make the paperwork easier."

3       127.   Plaintiff alleges this constitutes race discrimination because defendants perceived

4   minorities such as plaintiff as not understanding the "luxury life". Because "not understanding

5   the luxury life" was the reason given for plaintiff's termination, plaintiff's termination was

6   wrongful and defendant is in violation of public policy.

7       128.   The conduct of Defendants described herein above was outrageous and was

8   executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights,

9   and further, with the intent, design and purpose of injuring Plaintiff.

10      129.   As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and

11  continues to suffer, substantial losses incurred in seeking substitute employment and in

12  earnings, bonuses, deferred compensation, stock options, and other employment benefits; and

13  has suffered, and continues to suffer, emotional distress in an amount according to proof at the

14  time of trial.

15      130.   Defendants, through their officers, managing agents, and/or their supervisors,

16  authorized, condoned and/or ratified the unlawful conduct described herein above.  By reason

17  thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at

18  the time of trial.

19              **NINTH CAUSE OF ACTION**
                **UNFAIR BUSINESS PRACTICES**
20              (Bus. & Prof. Code §§ 17200 *et seq.*)
                (*On behalf of Plaintiff and all Class Members against all Defendants*)
21

22      131.   Plaintiff incorporates in this cause of action each and every allegation of the

23  preceding paragraphs, with the same force and effect as though fully set forth herein.

24      132.   Plaintiff brings this cause of action individually and on behalf of all others

25  similarly situated.

26      133.   Defendants' violations of California law, including Defendants' violations of the

27  Employment Laws and Regulations as alleged herein constitutes an unfair business practice in

28  violation of California Business & Professions Code Section 17200 *et seq* because they were

-27-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   done repeatedly, over a significant period of time, and in a systematic manner to the detriment

2   of Plaintiff and Class Members.

3        134.   In addition, Plaintiff brings this cause of action seeking equitable and statutory

4   relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the

5   amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices

6   described herein.

7        135.   Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or

8   fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

9   17208. Specifically, Defendants conducted business activities while failing to comply with the

10   legal mandates cited herein.

11        136.   As a result of Defendants' unfair business practices, Defendants have reaped

12   unfair benefits at Plaintiff's and Class Members' expense.

13        137.   Defendants' business practices were unfair as set forth herein, providing an

14   independent basis to support this claim.

15        138.   Defendants' business practices were also fraudulent, as set forth herein,

16   providing yet another independent basis to support the claim.

17        139.   Plaintiff is informed and believes and, based thereon, alleges that the fictitious

18   Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled,

19   coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

20        140.   Defendants have clearly established a policy of accepting a certain amount of

21   collateral damage as incidental to its business operations, rather than accepting the alternative

22   costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its

23   responsible competitors and as set forth in legislation and the judicial record. Defendants' policy

24   is confirmed by Plaintiff's and Class Members' damages as herein alleged.

25        141.   Defendants' unfair business practices entitle Plaintiff and Class Members to seek

26   preliminary and permanent injunctive relief and other restitutionary relief, including but not

27   limited to orders that Defendants account for and restore unlawfully withheld compensation to

28   the Plaintiff and Class Members and discontinue certain unlawful employment practices,

-28-

*Sampino v. Versace USA, Inc.*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  conduct and implement adequate training, including the implementation of policies and

2  procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair

3  business practices also entitle Plaintiff to attorneys' fees and costs.

4

5                                    **JURY DEMAND**

6          Plaintiff hereby demands a jury trial on all issues and causes of action.

7

8                                  **PRAYER FOR RELIEF**

9          Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of

10  all others similarly situated:

11         1.      Certification of this action as a class action on behalf of the classes defined

12  herein and designation of Plaintiff as representative of the classes and his counsel as counsel for

13  the classes;

14         2.      For penalties pursuant to Labor Code §§ 201-203, 226, 556, 1174(d), 1194,

15  1194.2, 2698 *et seq.* (after the claim under § 2698 *et seq.* has been added), and 2802, and any

16  and all other provisions of the Labor Code referenced herein which provide for penalties as a

17  result of the conduct alleged herein;

18         3.      For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited

19  herein;

20         4.      For compensatory damages;

21         5.      Compensation for all hours worked but not paid;

22         6.      For general damages in amounts according to proof and in no event in an amount

23  less than the jurisdictional limit of this court;

24         7.      For special damages according to proof;

25         8.      For punitive damages where allowed by law;

26         9.      For restitution of all monies due to Plaintiff from the unlawful business practices

27  of Defendants;

28         10.     For injunctive relief;

-29-

*Sampino v. Versace USA, Inc.*
Complaint

11.   For pre-judgment and post-judgment interest as provided by law; and

12.   For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Signed: November 16, 2016         **HOFFMAN EMPLOYMENT LAWYERS**

_Stephen Noel Ilg_

Stephen Noel Ilg

Attorneys for Plaintiffs

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-30-
*Sampino v. Versace USA, Inc.*
Complaint



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**



CLERK OF THE SUPERIOR COURT

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Versace USA, Inc., a New York corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Christopher Sampino, on behalf of himself, all others similarly
situated, and the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| (El nombre y dirección de la corte es): | (Número del Caso): RG16839178 |

Superior Court of the State of
California, County of Alameda

Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Michael Hoffman; Stephen Noel Ilg; HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Suite 1600, San Francisco, CA 94104   Tel: (415) 362-1111

| DATE: NOV 16 2016 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | Chad Finke (Secretario) Asal Spencel | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Versace USA, Inc., a New York corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Hoffman (SBN 154481); Stephen Noel Ilg (SBN 275599)<br>HOFFMAN EMPLOYMENT LAWYERS<br>580 California Street, Suite 1600, San Francisco, CA 94104<br>TELEPHONE NO.: (415) 362-1111   FAX NO.: (415) 362-1112<br>ATTORNEY FOR (Name): Plaintiff  Christopher Sampino | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Sampino v. Versace USA, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG16839178 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): Nine (9)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 16, 2016

Stephen Noel Ilg
_____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or
      toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer
         or wrongful eviction)*
      Contract/Warranty Breach–Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-
         domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
         harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

# Exhibit B

1    JOSEPH A. SCHWACHTER, Bar No. 108124
2    MICHAEL J HUI, Bar No. 273212
     LITTLER MENDELSON, P.C.
3    333 Bush Street, 34th Floor
     San Francisco, CA  94104
     Telephone:    415.433.1940
4    Fax No.:       415.743.6593
5    jschwachter@littler.com
     mhui@littler.com
6    Attorneys for Defendant
     VERSACE USA, INC.
7

                   ENDORSED
                      FILED
            ALAMEDA COUNTY

                DEC 1 3 2016

     CLERK OF THE SUPERIOR COURT

8            SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF ALAMEDA

10

11    Christopher Sampino, on behalf of himself,
     all others similarly situated, and the general
12    public,

13               Plaintiff,

14        v.

15    Versace USA, Inc., a New York
     corporation , and DOES 1 through 100,
16    inclusive,

17             Defendants.

     Case No.  RG 16839178

     **DEFENDANT'S ANSWER TO CLASS
     ACTION COMPLAINT**

18

19         Defendant Versace USA, Inc. ("Defendant") hereby answers the unverified
20 Complaint ("Complaint") filed by Plaintiff Christopher Sampino ("Plaintiff") on November 16, 2016
21 as follows.

22                         <u>GENERAL DENIAL</u>

23         Defendant generally denies each and every allegation contained in Plaintiff's
24 unverified Complaint in accordance with California Code of Civil Procedure section 431.30(d) and
25 denies that Plaintiff has been damaged in the manner alleged, in any amount, or at all, as a result of
26 any alleged act or omission of the Defendant.  Defendant further asserts the following affirmative
27 defenses.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S ANSWER TO CLASS ACTION
COMPLAINT

Case No. RG 16839178

### AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative and separate defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE OR OTHER DEFENSE

#### (Failure to State a Claim)

Plaintiff's Complaint and the causes of action therein fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

#### (Statute of Limitations)

Plaintiff and the alleged putative class' claims are barred, in whole or in part, to the extent they allege actions barred by the applicable statutes of limitation, including, but not limited to those set forth in California Code of Civil Procedure sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344, and 474; California Labor Code sections 203, 226, and 2699 et seq.; *Gov't Code* §12965(c); California Business and Professions Code section 17208; and 29 U.S.C. § 255(a).

### THIRD AFFIRMATIVE OR OTHER DEFENSE

#### (Plaintiff's Breach of Duties)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, Plaintiff's claims are barred by his own breach of the duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858, and/or 2859. Defendant reserves the right to amend its Answer upon further investigation and discovery of facts supporting this defense.

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

#### (Class Certification - Prerequisites)

Plaintiff cannot satisfy the prerequisites for certification of a class and/or a representative action and therefore cannot represent the interest of others.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S ANSWER TO CLASS ACTION
COMPLAINT

2.

Case No. RG 16839178

1

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

2

(Class Certification – Class Treatment Not Superior)

3       Plaintiff has not shown and cannot show that class treatment of the purported causes

4   of action in the Complaint is superior to other methods of adjudicating the controversy.

5

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

6

(Class Certification – Class Treatment Not Manageable)

7       The Complaint and each purported cause of action alleged therein cannot proceed as a

8   purported class action because of difficulties likely to be encountered that render the action

9   unmanageable.

10

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

11

(Class Certification – Class Action Mechanisms)

12       A class action is not the superior method of adjudicating Plaintiff's alleged state law claims.

13

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

14

(Minimum Wage & Overtime Claims – No Wages Owed)

15       Plaintiff and each member of the putative class are precluded from recovering any

16   amounts from Defendant as Defendant has paid him or her all sums legally due under California and

17   federal law.

18

## NINTH AFFIRMATIVE OR OTHER DEFENSE

19

(Minimum Wage & Overtime Claims – Preliminary and Postliminary Activities)

20       The Complaint and each purported cause of action alleged therein are barred by

21   California law as to all hours in which Plaintiffs were engaged in preliminary or postliminary

22   activities.

23

## TENTH AFFIRMATIVE OR OTHER DEFENSE

24

(Minimum Wage and Overtime Claims – No Authorization for Off-The-Clock Work)

25       To the extent Plaintiff or any other putative class member completed tasks on

26   Defendant's behalf without recording the time spent doing so, Defendant had no knowledge or

27   notice of such "off the clock" work and/or did not request or direct it, and, therefore, did not suffer

28

DEF'S ANSWER TO CLASS ACTION
COMPLAINT

3.

Case No. RG 16839178

1    or permit Plaintiff or any other putative class member to work that time.

2    **ELEVENTH AFFIRMATIVE OR OTHER DEFENSE**

3    (Minimum Wage Claim – Good Faith)

4    Defendant all times it acted in good faith to comply with the California Labor Code

5    and Wage Order(s) and with reasonable grounds to believe that its actions did not violate the

6    California Labor Code and Wage Order(s), and Defendant asserts a lack of willfulness or intent to

7    violate the California Labor Code and Wage Order(s) as a defense to any claim by Plaintiff for

8    liquidated damages.

9    **TWELFTH AFFIRMATIVE OR OTHER DEFENSE**

10    (Minimum Wage & Overtime Claims – *De Minimis*)

11    The claims of Plaintiff and the members of the alleged putative class are barred, in

12    whole or in part, because any time allegedly worked without compensation was *de minimis*.

13    **THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE**

14    (Minimum Wage, Overtime, and Break Claims – Misperformance)

15    The Complaint and each purported cause of action alleged therein are barred because

16    Plaintiff misperformed his respective duties and/or failed to perform the duties which Defendant

17    realistically and reasonably expected Plaintiff to perform.

18    **FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

19    (Meal & Rest Breaks – Premium Offset)

20    Plaintiff and the alleged putative class' claims for monetary relief or restitution are

21    barred and subject to offset, in whole or in part, to the extent that Plaintiff or any alleged putative

22    class member has received premium pay for any on-duty meal periods or any payments under

23    California Labor Code section 226.7.

24    **FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

25    (Meal & Rest Breaks – Voluntary Waiver)

26    Plaintiff and the alleged putative class' claims are barred, in whole or in part, to the

27    extent that Plaintiff and putative class members voluntarily waived their off-duty rest breaks and/or

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S ANSWER TO CLASS ACTION
COMPLAINT      4.      Case No. RG 16839178

1  meal periods, including for workdays in which they worked six hours or less, and for workdays in

2  which they worked more than ten and no more than twelve hours.

3  ## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

4  (Cal. Labor Code § 203 – Good Faith)

5  Plaintiff is not entitled to statutory penalties under California Labor Code section 203

6  because there was a good faith dispute concerning any monies purported owed to Plaintiff at the time

7  of his respective separations from Defendant.

8  ## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

9  (Cal. Labor Code § 226(e) – No Violation)

10  Plaintiff is not entitled to damages or statutory penalties under California Labor Code

11  section 226(e) because Defendant records and wage statements are compliant with California Labor

12  Code section 226(a).

13  ## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

14  (Cal. Labor Code § 226(e) – Good Faith)

15  Plaintiff is not entitled to damages or statutory penalties under California Labor Code

16  section 226(e) because any purported violation was not a knowing and intentional failure.

17  ## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

18  (Cal. Labor Code § 226(e) – No Injury)

19  Plaintiff is not entitled to statutory penalties under California Labor Code section

20  226(e) because Plaintiff sustained no injury from any alleged failure by Defendant to comply with

21  California Labor Code section 226.

22  ## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

23  (No Standing For Injunctive Relief Under Unfair Competition Law ("UCL"))

24  Plaintiff does not have standing to pursue injunctive or declaratory relief under

25  California Business and Professions Code section 17200 et seq., or otherwise, because, as former

26  employees, they have stated no claims that reflect an injury that is likely to be repeated.

27  ## TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S ANSWER TO CLASS ACTION COMPLAINT

5.

Case No. RG 16839178

(No Penalties Under UCL)

Plaintiff's prayers for restitution under California Business and Professions Code section 17200 et seq. are barred with respect to penalties of any nature.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(UCL – No Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy the prerequisites for class certification and lacks standing under California Business and Professions Code section 17204, the California Labor Code, and Article III of the United States Constitution to bring these claims and cannot represent the interest of the putative class members as to each of the purported causes of action.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Private Attorneys General Act ("PAGA") – Plaintiff Not An Aggrieved Employee)

Plaintiff lacks standing to bring claims for any civil penalties on behalf of others because they are not "aggrieved employees" under the PAGA.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(PAGA – Civil Penalties Not Allowable)

Plaintiff failed to provide the Labor Workforce Development Agency proper notification of the claims and/or the names of the "aggrieved employees" on whose behalf he intends to seek penalties under the PAGA.

### TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

(PAGA – Substantial Compliance)

Defendant has substantially complied with all statutory obligations alleged in the Complaint and, therefore, imposition of civil penalties under the PAGA would be improper.

### TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

(PAGA – No Typicality)

It is a violation of Defendant's due process rights if Plaintiff seeks to adjudicate the claims of other present or former employees of Defendant under the PAGA without first establishing

6.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1  that the claims or defenses of Plaintiff is typical of the claims or defenses of the other employees

2  Plaintiff purports to represent, or without first establishing that there are common questions of law

3  and fact to all of the employees whom Plaintiff purports to represent.

### TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(PAGA – No Basis for Representative Action)

6  Plaintiff's claims are such that they cannot be tried on a representative basis because

7  such a determination would require (1) complex factual issues, (2) penalties could not be calculated

8  on a representative basis, (3) the penalties could potentially not be nominal, (4) the penalties would

9  not be identical for all aggrieved employees, and (5) trying such a representative action would be

10  unmanageable.

### TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(PAGA – Any Penalties Limited to Initial Violation)

13  Insofar as Defendant has never been cited by the Labor Commissioner, or received a

14  judgment against it in a court of law, with respect to any of Plaintiff's California Labor Code claims,

15  any civil penalties awarded to Plaintiffs under the PAGA must be limited to those penalties

16  applicable to an initial violation.

### TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

(PAGA – Unconstitutionality)

19  To the extent Plaintiff seek civil penalties under the PAGA, such claims violate the

20  Fifth, Fourteenth, and Eighth Amendments of the United States Constitution and also violate article

21  1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines.

### THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

(Change in Law)

24  Plaintiff and the alleged putative class' claims are barred by the principles of fairness

25  and public policy relating to changes in the law upon which Defendant relied during the relevant

26  time periods.

### THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1    (No Standing)

2    Plaintiff and the alleged putative class' claims are barred to the extent that Plaintiff

3  lacks standing.

4  **THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

5    (Preclusion)

6    Plaintiff and the alleged putative class' claims are barred, in whole or in part, by the

7  doctrines of res judicata, collateral estoppel, or the doctrine barring duplicative litigation, to the

8  extent that Plaintiff or any alleged putative class member have asserted or could have asserted the

9  same or similar claims in any other judicial, administrative, or arbitral forum.

10  **THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

11    (Consent)

12    Defendant alleges on information and belief that Plaintiff and the alleged putative

13  class' claims are barred, in whole or in part, by the doctrine of consent.

14  **THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

15    (Estoppel)

16    Defendant alleges on information and belief that Plaintiff and the alleged putative

17  class' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

18  **THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

19    (Laches and Unclean Hands)

20    Defendant alleges on information and belief that Plaintiff and the alleged putative

21  class' claims are barred, in whole or in part, by the doctrine of laches, in pari delicto, and/or unclean

22  hands.

23  **THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

24    (Offset)

25    The claims for monetary relief or restitution by Plaintiff or any alleged putative class

26  members are barred and subject to offset, in whole or in part, to the extent that the same or similar

27  claims are governed by orders, awards, or judgments issued in any other judicial, administrative, or

28

DEF'S ANSWER TO CLASS ACTION
COMPLAINT                                    8.                    Case No. RG 16839178

1  arbitral forum.

2  ### THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

3  (Release or Waiver)

4  Plaintiff and the alleged putative class' claims are barred in whole or in part to the

5  extent that they were parties to any settlement agreements, releases, or waivers of claims.

6  ### THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

7  (Good Faith)

8  Defendant avers that all actions taken toward and/or in connection with Plaintiff were

9  done in good faith and based on lawful, non-discriminatory business reasons.

10  ### THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

11  (Exhaustion of Remedies)

12  Plaintiff's claims under the Fair Employment and Housing Act are barred due to

13  Plaintiff's failure to exhaust his administrative remedies.

14  ### FORTIETH AFFIRMATIVE OR OTHER DEFENSE

15  (Outside Scope of Employment)

16  Defendant alleges that, to the extent any employee engaged in any discriminatory or

17  otherwise unlawful behavior, the alleged acts were committed outside the course and scope of

18  employment.

19  ### FORTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

20  (Lack of Knowledge)

21  Defendant alleges that it had no knowledge of any purported discriminatory or

22  otherwise unlawful behavior by any of its employees, agents, or representatives.

23  ### FORTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

24  (Doctrine of Avoidable Consequences)

25  To the extent that Plaintiff is awarded damages, any and all damages must be offset

26  under the doctrine of avoidable consequences.

27  ### FORTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1    (Reasonable Care)

2    Defendant alleges that it exercised reasonable care to prevent and promptly correct

3    any purported discriminatory, harassing, or otherwise unlawful conduct.

4    **FORTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

5    (Failure to Utilize Preventative and Corrective Remedies)

6    Defendant alleges that Plaintiff's claims, in whole or in part, are barred by Plaintiff's

7    unreasonable failure to take advantage of preventative and corrective opportunities provided to

8    employees by Defendant.

9    **FORTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

10   (Nondiscriminatory Actions)

11   Defendant alleges that the employment actions complained of by Plaintiff were based

12   on legitimate, nondiscriminatory reasons.

13   **FORTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

14   (Workers Compensation Exclusivity)

15   Defendant alleges that to the extent Plaintiff's alleged injuries arose in the course of

16   his employment, Plaintiff's claims are barred by the exclusivity provision under the California

17   Workers' Compensation Act.

18   **FORTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

19   (Plaintiff Caused Injuries)

20   Defendant alleges Plaintiff caused the injuries for which he complains in this lawsuit.

21   **FORTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

22   (Plaintiff Caused Injuries)

23   Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care,

24   caution, or prudence to avoid incurring the mental and/or emotional distress alleged here, if any.

25   The resulting alleged damages or injuries, if any, were proximately caused and contributed to by the

26   negligence and/or intentional conduct of Plaintiff and must be reduced accordingly.

27   **FORTY-NINTH AFFIRMATIVE OR OTHER DEFENSE**

28

DEF'S ANSWER TO CLASS ACTION          10.          Case No. RG 16839178
COMPLAINT

(Business Necessity)

Defendant alleges that all actions taken toward Plaintiff were reasonably necessary for the normal operation of Defendant's business and were based on job-related factors that were consistent with business necessity.

### FIFTIETH AFFIRMATIVE OR OTHER DEFENSE

(Lack of Knowledge)

Defendant alleges that, assuming *arguendo*, any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), Defendant neither knew nor reasonably should have known of said unlawful conduct.

### FIFTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(No Adverse Employment Action)

Defendant alleges that, assuming *arguendo*, any conduct alleged by Plaintiff occurred (which Defendant denies), such conduct did not result in an adverse employment action.

### FIFTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Lack of Causal Link)

Defendant alleges that, assuming *arguendo*, any conduct alleged by Plaintiff occurred (which Defendant denies), there is no causal link between the alleged discrimination or activity and any alleged adverse employment action.

### FIFTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Use of Reasonable Care)

Defendant alleges that, to the extent Defendant was aware of wrongful conduct, if any (which Defendant denies), Defendant exercised reasonable care to prevent and promptly correct such conduct.

### FIFTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Failure to State a Claim for Damages)

Defendant alleges that Plaintiff has failed to state a claim for which general, special, or punitive damages may be granted.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S ANSWER TO CLASS ACTION
COMPLAINT                                11.                        Case No. RG 16839178

1

## FIFTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

2

(Punitive Damages Claim Barred)

3    Defendant alleges that the United States and California Constitutions bar any claim

4 by Plaintiff for punitive damages.

5

## FIFTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

6

(Punitive Damages Claim Barred)

7    Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a claim

8 for which attorneys' fees and/or costs may be granted to Plaintiff.

9

## FIFTTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

10    To the extent that Plaintiff is awarded any damages, the amount shall be reduced by

11 Plaintiff's failure to mitigate damages.

12

## FIFTTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

13    Under the doctrine of after-acquired evidence, Plaintiff engaged in misconduct such

14 that Defendant would have terminated his employment on that ground alone if Defendant had known

15 of it at the time of discharge.

16

## FIFTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

17    Any and all physical and/or mental injuries suffered by Plaintiff resulted from

18 Plaintiff's own pre-existing physical and/or mental condition.

19

## SIXTIETH AFFIRMATIVE OR OTHER DEFENSE

20    Plaintiff's recovery, if any, must be reduced by the amounts Plaintiff received from

21 any collateral source, and Defendant is entitled to reimbursement and to set-off any amounts.

22

## SIXTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

23    Any complained of conduct was induced by mistake of fact, fraud, and/or

24 misrepresentations by others, including but not limited to, Plaintiff.

25

## RESERVATION OF RIGHTS

26    Because Plaintiff's Complaint is vague, ambiguous, and written in conclusory terms,

27 Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly,

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S ANSWER TO CLASS ACTION
COMPLAINT

Case No. RG 16839178

1  Defendant reserves the right to assert additional defenses to the extent such defenses are applicable.

2         WHEREFORE, Defendant prays as follows:

3         1.     That judgment be entered in Defendant's favor;

4         2.     That Plaintiff and the alleged putative class members take nothing by this

5            action;

6         3.     That Defendant recovers costs in this proceeding, including reasonable

7            attorneys' fees; and

8         4.     That the Court grant such other and further relief as it deems appropriate.

9

10

11  Dated: December _13_, 2016

12

13

14  JOSEPH A. SCHWACHTER
15  MICHAEL J. HUI
    LITTLER MENDELSON, P.C.
    Attorneys for Defendant
16  VERSACE USA, INC.

17  Firmwide:144423203.1 068570.1010

18

19

20

21

22

23

24

25

26

27

28

DEF'S ANSWER TO CLASS ACTION
COMPLAINT
             13.               Case No. RG 16839178

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: JOSEPH SCHWACHTER, SBN 10824; MICHAEL HUI, SBN 273212
FIRM NAME: LITTLER MENDELSON P.C.
STREET ADDRESS: 333 BUSH STREET, 34TH FLOOR
CITY: SAN FRANCISCO     STATE: CA     ZIP CODE: 94104
TELEPHONE NO.: 415.433.1940     FAX NO.: 415.399.8490
E-MAIL ADDRESS: mhui@littler.com
ATTORNEY FOR (name): DEFENDANT, VERSACE USA, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND, 94612
BRANCH NAME:

| Plaintiff/Petitioner: CHRISTOPHER SAMPINO | CASE NUMBER: |
|---|---|
| Defendant/Respondent: VERSACE USA, INC. | RG16839178 |

| PROOF OF SERVICE-CIVIL | JUDICIAL OFFICER: |
|---|---|
| Check method of service (only one): | |
| ☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery | DEPARTMENT: |
| ☐ By Messenger Service   ☐ By Fax | |

***Do not use this form to show service of a summons and complaint or for electronic service.***
***See USE OF THIS FORM on page 3.***

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is: 333 BUSH STREET, 34TH FLOOR, SAN FRANCISCO, CA 94104

3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* DECEMBER 13, 2016     I served the following **documents** *(specify):*
DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

☐ The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served: Micheal Hoffman, Stephen Noel Ilg, Hoffman Employment Lawyers, P.C.

   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:
   580 California Street, 16th Floor, San Francisco, CA 94104

   c. ☐ *(Complete if service was by fax.)*

      (1) Fax number where person was served:

      (2) Time of service:

      ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service— Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2016]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a
2015.5; Cal. Rules of Court, rule 2.306
*www.courts.ca.gov*

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME: | CASE NUMBER: |
|---|---|
| SAMPINO v. VERSACE USA, INC. | RG16839178 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

  (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

  (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

  I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: DECEMBER 13, 2016

BARBARA PALOMO
_____
(TYPE OR PRINT NAME OF DECLARANT)                           (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

  At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

  I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          _____
(NAME OF DECLARANT)                                    (SIGNATURE OF DECLARANT)

American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit C

Case 4:16-cv-07198-KAW   Document 2-1   Filed 12/16/16   Page 54 of 68

**Hagan vs. Archdiocese of Los Angeles, 29 Trials Digest 4th 5 (2001)**

29 Trials Digest 4th 5, 2001 WL 803303 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2015 Thomson Reuters/West
Superior Court, Los Angeles County, California.

Hagan vs. Archdiocese of Los Angeles

**TOPIC:**
Synopsis: Teacher at Catholic school harassed and terminated because of pregnancy

Case Type: Employment; Termination; Discriminatory; Employment; Discrimination; Employment; Harassment

DOCKET NUMBER: BC146615

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: May 28, 2001

JUDGE: Helen Bendix
**ATTORNEYS:**
Plaintiff: Mark Weidmann, Law Offices of Mark Weidmann, Los Angeles.
Defendant: Lawrence R. Ramsey, Bowman & Brooke, Torrance.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $1,085,000

Range: $1,000,000-$1,999,999
On pregnancy harassment cause of action: $300,000 emotional distress; $250,000 punitive damages. On pregnancy discrimination cause of action: $300,000 emotional distress; $35,000 economic damages; $200,000 in punitive damages.

Trial Type: Jury

Trial Length: 3 weeks.

Deliberations: 7 days.

Jury Poll: 11-1 pregnancy discrimination; 9-3 pregnancy harassment.

**EXPERTS:**
Plaintiff: George M. Brinton Ph.D., economist, Brinton Merati Economics Inc., Los Angeles, (310) 286-2000.; Anthony E. Reading, psychologist, Beverly Hills, (310) 277-3545.; Brian Weiner Ph.D., human resources consultant.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

Case 4:16-cv-07198-KAW   Document 2-1   Filed 12/16/16   Page 55 of 68

**Hagan vs. Archdiocese of Los Angeles, 29 Trials Digest 4th 5 (2001)**

According to Plaintiff: A teacher at a Catholic school was harassed and terminated after informing the principal that she was pregnant. The plaintiff was Nina Hagan, age 39. The defendant was the Archdiocese of Los Angeles. Plaintiff was employed as a teacher for one year by the Archdiocese of Los Angeles at St. Martin of Tours Elementary School. Plaintiff became pregnant over the Christmas break. The principal, Cecile Oswald, upset that plaintiff would have to miss the first three months of the next year for maternity leave and then might quit, began harassing plaintiff, falsely accusing her of poor performance. Ms. Oswald refused to renew plaintiff's contract.


## CLAIMED INJURIES

According to Plaintiff: Emotional distress.


## CLAIMED DAMAGES

According to Plaintiff: $91,000 loss of earnings; emotional distress damages.


## SETTLEMENT DISCUSSIONS

According to Plaintiff: Demand: $100,000 (CCP 998). Offer: $40,000.


Trials Digest, A Thomson/West business
Los Angeles County Superior Court/Downtown

---

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

JVR No. 803423, 2002 WL 31415020 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2015 Thomson Reuters/West
Unknown California State Ct.

SHAY v. TG CONSTRUCTION INC.

SC 028511
DATE OF TRIAL: January, 2002

TOPIC:

**SUMMARY**
Punitive: $325,000

Hedonic: $

Other: $

Interest: $

Loss of Services: $

**Claimed Past Medical: $**
**Claimed Future Medical: $**
**Claimed Past Wage Expense: $12,500**
**Claimed Future Wage Expense: $**
Plaintiff's Economist: $

Defendant's Economist: $

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Donald M Adams, Ventura, CA
Defendant: Andrew B. Kaplan, Los Angeles, CA

RANGE AMOUNT: $200,000-499,999
STATE: California
COUNTY: Ventura

**SUMMARY**
**PLAINTIFF:**
Sex: Male

Age: 49

General Occupation: MIDDLE MANAGEMENT

SHAY v. TG CONSTRUCTION INC., JVR No. 803423 (2002)

Occupational Field: Construction-general


**PRIMARY STATUTE OR GROUND: Disability Discrimination-ADA**
**SECONDARY STATUTE OR GROUND:**
**GENERAL ENTITY TYPE: Service Industry**
**SPECIFIC ENTITY TYPE: Construction**
**ADVERSE EMPLOYMENT ACTION: Termination**
**AMOUNT OF AWARD AFTER STATUTORY LIMIT: $**
**ATTORNEY'S FEES: $88,161**
**DAMAGES:**
Past Medical: $

Future Medical: $

Past Wage: $

Future Wage: $

Pain and Suffering: $137,500

Other: $

Total: $137,500

Punitive: $325,000

Hedonic: $

Other: $

Interest: $

Loss of Services: $


**FACTS:**
A 49-year-old male field superintendent sued the defendant construction company claiming disability discrimination and wrongful discharge in violation of the Americans with Disabilities Act. The plaintiff alleged that he was wrongfully terminated by the defendant when he returned to work with crutches after surgery and complications with his right leg. The defendant denied the allegations, any knowledge of a disability and claimed that the plaintiff was terminated because he repeatedly failed to follow directions and made several critical errors on the construction job he was overseeing.


Jury Verdict Research
COURT:

---

**End of Document**                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Case 4:16-cv-07198-KAW   Document 2-1   Filed 12/16/16   Page 58 of 68

**Brown vs. LNP Engineering Plastics Inc., 2 Trials Digest 3d 109 (1997)**

2 Trials Digest 3d 109, 1997 WL 828516 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2015 Thomson Reuters/West
Superior Court, Orange County, California.

Brown vs. LNP Engineering Plastics Inc.

**TOPIC:**
Synopsis: Plastics manufacturer fails to accommodate employee's sleep disorder disability

Case Type: Employment; Discrimination; Employment; Breach of Contract

DOCKET NUMBER: 760384

STATE: California
COUNTY: Orange

Verdict/Judgment Date: June 30, 1997

JUDGE: James W. Cook
**ATTORNEYS:**
Plaintiff: Walter H. Root, Law Offices of Walter H. Root, Irvine.
Defendant: Cynthia E. Gitt, Epstein, Becker & Green, Los Angeles.; Ralph M. Semien, Epstein, Becker & Green, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $1,029,601

Range: $1,000,000-$1,999,999
$292,601 special damages, $70,000 general damages and $667,000 punitive damages.

Trial Type: Jury

Trial Length: 13 days.

Deliberations: 12 hours, phase l; 4 hours, phase ll.

Jury Poll: Mixed poll.

**EXPERTS:**
Plaintiff: Wayne H. Lancaster Ph.D., economist, Wayne Lancaster & Associates, Fullerton, (714) 992-2653.; Jeff Sarkozi, rheumatologist, UC Irvine, Orange.
Defendant: David E. Brody, psychiatrist, Norwalk.; Peter A. Fotinakes, neurologist, Orange.; G. Michael Morris Ed.D., vocational rehabilitation consultant, Workman Morris Molina, Santa Ana, (714) 550-1271.; Daniel J. Wallace, rheumatologist, Los Angeles, (310) 652-0920.; Shirley Yung, family practitioner, Fountain Valley.

**TEXT:**

## CASE INFORMATION

### FACTS/CONTENTIONS

According to Plaintiff: Plaintiff claimed that defendant discriminated against him by refusing his request for accommodation of his disability and by terminating him because of poor attendance. The plaintiff was Ronald C. Brown, a 37-year-old maintenance mechanic. The defendant was LNP Engineering Plastics Inc., a subsidiary of Kawasaki Steel Corp. and a plastics manufacturer.

Plaintiff was on disability leave for fatigue and body pains for a period of 11 months over a 15-month period. His disease was undiagnosed until he underwent a sleep study several months before returning to work. The study revealed that he had a sleep disorder which caused a 'pain amplification' effect. With proper treatment, including a regimen of medications, orthotic devices and home exercise, his disorder was brought under control. Nevertheless, it was a chronic condition that required lifetime monitoring and care. Plaintiff's doctor released him to return to work with two restrictions of indefinite duration: no overtime and a limitation to the first shift.

These accommodations were refused in keeping with defendant's 'fitness for duty' rule that required all workers to be able to perform 100 percent of the functions of their jobs before being allowed to return to work. Defendant claimed that the ability to work overtime and have shift flexibility were essential functions of the position of maintenance mechanic. Three weeks later, plaintiff was fired for poor attendance based on his disability leaves of absence. His place was taken by the temporary worker who had been hired to fill in for him. Plaintiff had received no warnings although defendant's written policies required four warnings before termination for poor attendance. Defendant's attendance records indicated that his absenteeism rate was only 1.01 percent, indicating that defendant did not fault him for absences due to disability. Defendant's witnesses unanimously admitted that no thought had been given to firing him before he requested the accommodation for his disability.

Plaintiff alleged that defendant's 'fitness for duty' rule was a per se violation of the FEHA's requirement that an employer make reasonable accommodation for an employee's known disability. Plaintiff further alleged that defendant's claim of non-essential job functions being essential was an exclusionary practice that was the quintessence of disability discrimination. Plaintiff also alleged that the reason given for plaintiff's termination, poor attendance, was a pretext for disability discrimination.

Defendant contended that it did not know plaintiff had a disability and thus it could not have discriminated against plaintiff. Defendant also contended that plaintiff failed to engage in an interactive process with regard to his request for accommodation; that the requested accommodation imposed an undue hardship upon it; that plaintiff would have been a threat to his own safety or the safety of others if he was permitted to return to work; and that it would have fired him if it had known that he (allegedly) falsified his employment application. Defendant also contended that plaintiff was not truly disabled and that he was unable to perform the essential functions of his job.

### CLAIMED INJURIES
NA

### CLAIMED DAMAGES

According to Plaintiff: $32,720 past income; $259,881 future income; $292,601 general damages; $1,000,000 punitive damages.

### SETTLEMENT DISCUSSIONS

According to Plaintiff: Demand: $300,000 pre-litigation increased to $475,000 (CCP 998) pretrial. Offer: $25,000 increased to $40,000 before trial.

### COMMENTS

**Brown vs. LNP Engineering Plastics Inc., 2 Trials Digest 3d 109 (1997)**

According to Plaintiff: This case settled for an undisclosed amount with post-trial motions pending. Federal district judge Gary Taylor awarded a monetary sanction of $7,250 against defendant for improperly removing the action to federal court in order to delay the state court trial.

The jury poll was 12 to 0 on disability discrimination and a special finding of oppression; 11 to 1 on breach of contract; and 11 to 1 on punitive damages.

Trials Digest, A Thomson/West business
Orange County Superior Court

---

End of Document
© 2016 Thomson Reuters. No claim to original U.S. Government Works.

JVR No. 803040, 2000 WL 33766080 (Unknown State Ct. (Cal.)) (Verdict and Settlement Summary)

Copyright (c) 2015 Thomson Reuters/West
Unknown California State Ct.

BARATTA v. ORACLE CORP.

304221
DATE OF TRIAL: August, 2000

TOPIC:

**SUMMARY**
Punitive: $

Hedonic: $

Other: $

Interest: $

Loss of Services: $

**Claimed Future Medical: $**
**Claimed Past Wage Expense: $**
**Claimed Future Wage Expense: $**
Plaintiff's Economist: $

Defendant's Economist: $

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Alan B. Exelrod, San Francisco, CA
Patrice L. Goldman, San Francisco, CA
Defendant: Linda E. Shostak, San Francisco, CA

RANGE AMOUNT: $2,000,000-4,999,999
STATE: California
COUNTY: San Francisco

**SUMMARY**
**PLAINTIFF:**
Sex: Female

Age: An adult of undetermined age.

General Occupation: EXECUTIVE MANAGEMENT

**BARATTA v. ORACLE CORP., JVR No. 803040 (2000)**

Occupational Field: Manufacturing-electronic and other electrical equip.


**PRIMARY STATUTE OR GROUND: Pregnancy Discrimination-State**
**SECONDARY STATUTE OR GROUND:**
**GENERAL ENTITY TYPE: Manufacturing Industry**
**SPECIFIC ENTITY TYPE: Computer Products**
**ADVERSE EMPLOYMENT ACTION: Termination**
**AMOUNT OF AWARD AFTER STATUTORY LIMIT: $**
**ATTORNEY'S FEES: $127,000**
**DAMAGES:**
Past Medical: $

Future Medical: $

Past Wage: $

Future Wage: $

Pain and Suffering: $

Other: $2,700,000

Total: $2,700,000

Punitive: $

Hedonic: $

Other: $

Interest: $

Loss of Services: $


**FACTS:**
A female vice-president sued the defendant software corporation claiming pregnancy discrimination, retaliation and wrongful discharge in violation of Whistleblower state laws. The plaintiff alleged that she was wrongfully terminated by the defendant in retaliation for her complaints regarding pregnancy discrimination and that she warned her superiors of the repercussions of unathorized access to a competitor's software. The defendant denied the allegations and claimed that the plaintiff was terminated for her mistreatment of an employee who formerly reported to her.


Jury Verdict Research
COURT:

---

**End of Document**                                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

Case 4:16-cv-07198-KAW   Document 2-1   Filed 12/16/16   Page 63 of 68

Akers vs. County of San Diego, 30 Trials Digest 3d 6 (1999)

30 Trials Digest 3d 6, 1999 WL 1938858 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2015 Thomson Reuters/West
Superior Court, San Diego County, California.

Akers vs. County of San Diego

**TOPIC:**

Synopsis: Pregnancy discrimination and retaliatory action alleged by assistant DA

Case Type: Employment; Discrimination; Employment; Termination; Constructive Discharge; Employment; Retaliation; Labor-Civil Actions

DOCKET NUMBER: 718187

STATE: California
COUNTY: San Diego

Verdict/Judgment Date: November 8, 1999

JUDGE: John S. Meyer

**ATTORNEYS:**

Plaintiff: Robert F. Vaage, Law Offices of Robert F. Vaage, San Diego.
Defendant: William H. Songer, San Diego County Counsel's Office, San Diego.

**SUMMARY:**

Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $250,000

Range: $200,000-$499,999

$250,000 awarded on the retaliation claim. Plus $273,481 attorney fees and costs granted per plaintiff's motion. The court granted a remittitur to make the verdict $150,000 plus attorney fees and costs.

Trial Type: Jury

Trial Length: 4 weeks.

Deliberations: 4 days.

Jury Poll: Not reported.

**EXPERTS:**

Plaintiff: Robert H. Wallace CPA, economist, Brodshatzer, Wallace, Spoon & Yip, San Diego, (619) 234-4173.

**FOR RELATED CASE LAW OPINIONS SEE:**

116 Cal.Rptr.2d 602

**TEXT:**

## CASE INFORMATION

### FACTS/CONTENTIONS

According to Plaintiff (Vaage): Plaintiff claimed that she was discriminated against because of her pregnancy and retaliated against because of her discrimination complaints. The plaintiff was identified as Akers, a 37-year-old district attorney for the County of San Diego. The defendant was the County of San Diego.

In 1995 plaintiff, a district attorney for the County of San Diego for over 10 years specializing in domestic violence cases, became pregnant with her first child. She disclosed this fact to her superiors in December 1995. Plaintiff alleged that after her disclosure, she was accused of suddenly becoming a morale problem, that she did not get along with her co-workers and that she did not do her fair share of the workload. After successfully trying back-to-back domestic homicide cases as well as a third felony in her last trimester and after returning from maternity leave, she found herself in misdemeanor trials. The response to her formal complaint about the discrimination was the assignment of an investigator, a sub-standard performance evaluation and a counseling memo accusing her of dishonesty and insubordination. In fact, the District Attorney himself told her that she would never try another domestic violence case. In November 1997 plaintiff requested a one-year leave of absence, which was granted. Plaintiff did not return from her leave and on February 1, 1999 she resigned. Plaintiff alleged violations of the pregnancy discrimination statutes contained within the Fair Employment and Housing Act (FEHA), violations of the family leave statutes contained within the FEHA, the California Family Rights Act and the federal Family and Medical Leave Act. In addition, plaintiff alleged violations of various anti-retaliation provisions in anti-discrimination statutes as well as Labor Code section 1102.5 and wrongful constructive termination.

Defendant contended that shortly after her disclosure, plaintiff's supervisor advised her that he intended to rotate her from the branch office to the central office where she would receive exclusively felony assignments. Plaintiff objected to the downtown assignment and sought and obtained a transfer that would permit her to remain in the branch office. The transfer entailed misdemeanor assignments and issuing. After doing the misdemeanor assignments for four months, plaintiff made a formal discrimination complaint. Defendant contended that there was no pregnancy discrimination; rather, defendant had legitimate business reasons for plaintiff's transfer. Defendant further contended that the investigation of plaintiff's discrimination complaint was in good faith; the counseling memo and plan of corrective action issued were not retaliatory actions but were issued to assist plaintiff in her performance. Defendant further contended that plaintiff voluntarily resigned for reasons other than her employment situation.

According to Defendant (Songer): This action arose out of plaintiff's complaints regarding the assignments offered to plaintiff and ultimately received following her return from maternity leave. The plaintiff was Laura Akers, a 39-year-old ex-deputy assistant district attorney. The defendant was the County of San Diego.

Plaintiff worked as a deputy district attorney doing misdemeanor and felony domestic violence cases. Her supervisor asked her to move to an assignment where she would prosecute only felony cases. She declined the assignment and instead requested a transfer to a different assignment where she would remain geographically close to home. Plaintiff was six months pregnant at the time.

Following her subsequent maternity leave, plaintiff filed a formal complaint about the assignment(s) offered her and the assignment she ultimately received. Defendant investigated the complaint and learned of numerous performance deficiencies. Defendant presented plaintiff a counseling memo with a plan for corrective action to address the deficiencies. Plaintiff claimed that the counseling memo (and subsequent negative evaluation) were retaliatory. Plaintiff ultimately resigned.

### CLAIMED INJURIES

According to Plaintiff (Vaage): Emotional distress.
According to Defendant (Songer): Not reported.

### CLAIMED DAMAGES

According to Plaintiff (Vaage): Emotional distress damages.
According to Defendant (Songer): $900,000 lost wages.


## SETTLEMENT DISCUSSIONS

According to Plaintiff (Vaage): Demand: $150,000 plus $5,000 attorney fees. Offer: None.

According to Defendant (Songer): There was a $150,000 demand plus unspecified fees made before discovery. There were no meaningful discussions thereafter.


## COMMENTS

According to Plaintiff (Vaage): Defendant's motion for new trial was denied, conditioned upon plaintiff's acceptance of the remittitur to $150,000 based on evidence indicating that jurors might have included attorney fees in their award. Both parties have filed notices of appeal.

According to Defendant (Songer): An appeal and cross-appeal were filed. Defense counsel reported the jury poll as follows: 10 to 2 for the defense on pregnancy discrimination and FMLA violation; 10 to 2 on liability for retaliation; and 9 to 3 for the defense on wrongful termination. Counsel also reported the trial length as three weeks and jury deliberations as two days.


Trials Digest, A Thomson/West business
San Diego County Superior Court/Central

---

**End of Document**                          © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Case 4:16-cv-07198-KAW   Document 2-1   Filed 12/16/16   Page 66 of 68

**Jalomo vs. HRO Systems Inc., 23 Trials Digest 3d 65 (1999)**

23 Trials Digest 3d 65, 1999 WL 1069181 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2015 Thomson Reuters/West
Superior Court, Los Angeles County, California.

Jalomo vs. HRO Systems Inc.

**TOPIC:**
Synopsis: Sales manager terminated because of her pregnancy

Case Type: Employment; Termination; Discriminatory; Employment; Termination; Violation of Public Policy; Employment; Termination; Breach of Contract; Intentional Torts; Infliction of Emotional Distress; Corporations; Alter Ego

DOCKET NUMBER: YC032704

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: July 15, 1999

JUDGE: Aurelio N. Munoz
**ATTORNEYS:**
Plaintiff: Gayle L. Eskridge, Eskridge & Associates, Torrance.; Rhonda J. Wolf, Eskridge & Associates, Torrance.
Defendant: Kenneth J. Poole, Law Offices of Kenneth J. Poole, Torrance.

**SUMMARY:**
Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $100,000

Range: $100,000-$199,999
Plus $160,050 attorney fees and $10,887 costs awarded against defendants Sea Recovery Corporation, HRO Systems Inc. and Cycron Corporation.

Trial Type: Jury

Trial Length: 2 weeks.

Deliberations: 2 days.

Jury Poll: 9-3.

**EXPERTS:**
Plaintiff: Joseph H. Rodd, psychiatrist, Hawthorne, (310) 676-6032.; Bruce L. Ross, certified public accountant, Bruce L. Ross & Company, Rolling Hills Estates, (310) 544-8881.
Defendant: Paul Nevans, certified public accountant, Los Angeles, (213) 861-5000.; Donald Verin, psychiatrist, Torrance, (310) 530-8055.

Case 4:16-cv-07198-KAW   Document 2-1   Filed 12/16/16   Page 67 of 68

**Jalomo vs. HRO Systems Inc., 23 Trials Digest 3d 65 (1999)**

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to Plaintiff: Plaintiff claimed that she was terminated from her position with defendant Sea Recovery Group of Companies about three weeks after notifying her employer she was pregnant. The plaintiff was Donnetta Jalomo, a 46-year-old sales manager. The defendants were HRO Systems Inc., Sea Recovery Corporation and Cycron Corporation.

As sales manager, plaintiff had traveled nationally and internationally. When she became pregnant, plaintiff's ob/gyn advised her not to fly during her first trimester because of the very high risk of miscarriage during the first trimester. The ob/gyn wrote a letter stating that plaintiff should not travel by air during her first trimester and plaintiff gave this letter to her supervisor at the Sea Recovery Group of Companies. The first trimester of plaintiff's pregnancy would have ended by March 17.

Defendants terminated plaintiff on February 28. The president of the Sea Recovery Group of Companies told plaintiff that she was being terminated due to her pregnancy or, if she chose, she could be demoted to a clerical-type position which paid only 50 percent as much as her sales manager position and the demotion would be permanent. Plaintiff refused the demotion and was terminated. The exit form, which was prepared by the president of the companies, said that plaintiff was being terminated due to her medical condition. The only medical condition plaintiff had was her pregnancy. Defendants had already hired a male to replace plaintiff and he started work on the following Monday. At trial, the president of the Sea Recovery Group of Companies admitted that pregnancy was one of the reasons he terminated plaintiff.

Plaintiff alleged that she had been paid less than men for the same job, that she had been terminated due to her pregnancy and that she had been unable to obtain new employment because it was a very narrow field (sales of desalination systems to luxury yacht owners and manufacturers). Plaintiff sued the three companies which made up the Sea Recovery Group of Companies as well as two individuals. She alleged causes of action for wrongful termination due to pregnancy discrimination in violation of FEHA (Government Code sections 12900 et seq.); wrongful termination due to gender discrimination in violation of FEHA and California Constitution, Article 1, section 8; failure to prevent gender and pregnancy discrimination in violation of FEHA; failure to accommodate (due to pregnancy) in violation of FEHA; tortious termination in violation of public policy; breach of written employment contract; breach of implied-in-fact employment contract; breach of the covenant of good faith and fair dealing; intentional infliction of emotional distress; and violation of California Equal Pay Act (Labor Code sections 1197.5 and 1199.5).

Defendants contended that plaintiff was employed by HRO Systems Inc., a corporation with no assets, rather than by all three corporate defendants. For most relevant purposes, the three companies were treated as one company. The three companies had the same owner, same officers, same executives, same building and the same employees. The employee manual said 'You are employed by the Sea Recovery Group of Companies.' Plaintiff's paychecks, W-2 forms and 1099 all came from Sea Recovery Corporation but her business cards said HRO Systems Inc. Both sides presented expert testimony on the issue of alter ego.

**CLAIMED INJURIES**

According to Plaintiff: Emotional distress.

**CLAIMED DAMAGES**

According to Plaintiff: $277,817 past and future special damages; $300,000 emotional distress damages.

**SETTLEMENT DISCUSSIONS**

**Jalomo vs. HRO Systems Inc., 23 Trials Digest 3d 65 (1999)**

According to Plaintiff: Demand: $175,000 prelitigation reduced in December 1998 to $145,000. Offer: None. There was also a court-ordered mediation.

EXPERT TESTIMONY

According to Plaintiff: Plaintiff's expert Ross and defense expert Nevans provided testimony regarding the issue of alter ego. Plaintiff's expert Rodd and defense expert Verin testified on the issue of emotional distress.

**COMMENTS**
According to Plaintiff: Defendants have appealed.

Trials Digest, A Thomson/West business
Los Angeles County Superior Court/Downtown

---

**End of Document**                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.