HOFFMAN EMPLOYMENT LAWYERS, PC
Michael Hoffman (SBN 154481)
mhoffman@employment-lawyers.com
Stephen Noel Ilg (SBN 275599)
silg@employment-lawyers.com
580 California Street, 16th Floor
San Francisco, CA 94104
Tel.: (415) 362-1111
Fax:  (415) 362-1112

Attorneys for Plaintiff Christopher Sampino

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Sampino, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiffs,<br>vs.<br><br>Versace USA, Inc., a New York corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:16-cv-07198-THE<br><br>**FIRST AMENDED COMPLAINT**<br><br><u>**CLASS ACTION**</u><br><br>1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);<br>2. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);<br>3. **FAILURE TO MAINTAIN ACCURATE RECORDS** (Lab. Code §§ 1174, 1174.5);<br>4. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Lab. Code §§ 226(e), 226.3);<br>5. **FAILURE TO PAY FINAL WAGES ON TIME** (Lab. Code § 201 *et seq.*);<br>6. **RACE DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*);<br>7. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*);<br>8. **WRONGFUL TERMINATION** (*Tameny v. Atlantic Richfield Company*) |

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-1-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

**9.  UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code § 17200 *et seq.*)

**JURY TRIAL DEMANDED**

This Complaint is brought by Plaintiff Christopher Sampino ("Plaintiff" and/or "Mr. Sampino"), on behalf of himself, all others similarly situated, and the general public, against his former employers, Defendant Versace USA, Inc. ("Versace", and/or "Versace Store"), and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action.  Plaintiff alleges the following:

### PLAINTIFF

1.     At all times material herein, Plaintiff Sampino was and is a competent adult and resident of the State of California, County of Alameda.  Plaintiff began working for Defendants as a retail salesperson on or about September 18, 2016.  While working for Defendants, Plaintiff's job duties included but were not limited to: helping customers with shopping, maintaining organization of merchandise, processing sales of clothing and accessories.

### DEFENDANTS

2.     At all times material herein, Defendant Versace was and is a New York corporation registered to do business in the State of California, including but not limited to conducting business within Alameda county, with its corporate headquarters located in New York, New York. Defendant Versace is in the luxury fashion industry.  On information and belief, Defendant Versace sells ready to wear fashions and leather accessories. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant Versace is authorized to and does conduct business in the State of California in the fashion industry, including but not necessarily limited to the store located at 3820 Livermore Outlet Drive in Pleasanton, California.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

3.     Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendants conducted business within the fashion industry. In so doing, there are hundreds, if not thousands, of individuals in recent years alone who qualify to participate as a Class Member in this action.

4.     The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff and Class Members which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff and Class Members for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious names pursuant to California Code of Civil Procedure §474.   Plaintiff is informed and believes that the DOE Defendants are residents of the State of California.   Plaintiff will amend this complaint to show such DOE Defendants' true names and capacities when they are known.

5.     Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

## JURISDICTION AND VENUE

6.     This Court is the proper Court, and this action is properly filed in the Superior Court of the State of California for the county of Alameda, because Defendant Versace transacts business within this county at 3820 Livermore Outlet Drive in Pleasanton, California.   Plaintiff and Class Members performed work for Defendants and experienced the legal violations that are the subject of this Complaint in the store located at 3820 Livermore Outlet Drive in Pleasanton, California.

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

7.      This Court has jurisdiction over the Plaintiff's and Class Members' claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and attorneys' fees and costs pursuant to, *inter alia*., California Business and Professions Code §§ 17200-17208, and the statutes cited herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Defendants regularly and systematically do business in the State of California and are subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants regularly employ five or more persons. Plaintiff timely filed a charge of discrimination, failure to investigate discrimination and retaliation against Defendants with the California Department of Fair Employment and Housing ("DFEH"). On November 16, 2016, Plaintiff received a notice of the right to sue from the DFEH pursuant to California Government Code §12965(b).  Plaintiff filed this action within one year of the date of his DFEH right-to-sue letter(s); therefore, administrative remedies have been properly exhausted.

9.      Plaintiff will satisfy all applicable administrative requirements then amend to add a claim pursuant to the Private Attorney General's Act, California Labor Code section 2698 *et seq.*

10.      Pursuant to California Labor Code Section 2699.5, Plaintiff has exhausted all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiff's cause of action brought pursuant to the Private Attorney General's Act ("PAGA"), California Labor Code section 2699 *et seq.*  Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. Plaintiff has given written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations. More than 33 days have passed, and no response has been received from the LWDA. Accordingly, Plaintiff has satisfied all prerequisites to pursing PAGA claims.

11.    Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

12.    The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTS REGARDING PLAINTIFF SAMPINO'S INDIVIDUAL CAUSES OF ACTION

13.    Plaintiff Christopher Sampino is a 23-year-old man who is one quarter African American. On or about September 18, 2016, Plaintiff began work at the Versace USA, Inc. store located at 3820 Livermore Outlet Drive in Pleasanton, California. During Plaintiff's second shift, a training manager asked Plaintiff if he knew about the "D410 Code." The manager instructed Plaintiff to say "D410" in a casual manner when a black person entered the store.  The manager informed Plaintiff that this code is used to alert co-workers that "a black person is in the store."

14.    The manager also told Plaintiff that he could "hold a black shirt" when using the code "so that they don't know what you are talking about." The manager then showed a clothing tag to Plaintiff and informed him, "D410 is on all black clothing."

15.    The Plaintiff responded by telling the manager, "You know that I'm African American?" Plaintiff said the manager seemed surprised by Plaintiff's response.

16.    On information and belief, managers treated Plaintiff differently after he announced that he is African American. For example, Plaintiff observed that training no longer seemed legitimate after he announced that he is African American. On information and belief, Plaintiff did not receive proper training with regard to rest breaks and did not take rest breaks. Plaintiff further did not receive login information needed to access an online database where employees retrieve print outs of pay stubs.

17.    During the course of his employment, Plaintiff met or exceeded expectations with regards to job performance. However, Plaintiff was terminated on or about October 1, 2016. Defendant(s) told Plaintiff he was not being terminated because of his "performance," but because

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

he "[doesn't] understand luxury," and because he "[doesn't] know the luxury life." Defendant(s) also told Plaintiff that he was being dismissed because he hasn't "lived the luxury life." Defendant(s) told Plaintiff to quit because "that would make the paperwork easier."

18.     On information and belief, Plaintiff was not paid for the time he worked on the day he was terminated and did not receive his final paycheck on the day he was terminated.

## FACTS REGARDING PLAINTIFF'S CLASS ACTION CAUSES OF ACTION

19.     All policies and practices described herein were in place at all of Defendants' business locations in California.  As such, all members of the classes were subject to these same unlawful policies and practices in violation of California law. Plaintiff is informed and believes that Defendants knowingly engaged in the unlawful acts alleged herein, thereby enjoying a significant competitive edge over other companies within its industry. In many, if not all cases, these common practices have led to willful violations of California and federal law, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the statutes cited herein.

20.     Plaintiff and Class Members were not consistently authorized or permitted to take meal and rest breaks as required by California law.  Pursuant to California law, an employee is entitled to one ten-minute rest period if required to work at least three and one-half hours, two ten-minute rest periods if required to work more than six hours, and three ten-minute rest periods if required to work more than ten hours. Pursuant to California law, an employee is entitled to one thirty-minute meal period if required to work at least five hours and two thirty-minute meal periods if required to work at least ten hours. Defendants did not consistently provide the meal and rest periods to which Plaintiff and Class Members were entitled because business needs took precedence, routinely interfering with his breaks.  If Plaintiff or Class Members failed to address business needs at any time, including during breaks, they were subject to discipline, up to and including termination.  Despite these policies and practices, Plaintiff alleges on information and belief that Defendants have not paid missed meal or rest period premiums to Plaintiff or Class Members. Defendants failed to provide meal and rest periods and failed to make premium payments to Plaintiff and Class Members for missed meal and rest breaks. Defendants' failure to properly record all breaks and failure to pay applicable premiums, resulted in part from

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-6-

Defendants' failure to properly record all hours worked. Defendants' failure to properly record all breaks and failure to pay applicable premiums resulted in payroll records such as wage statements that were not accurate or legally compliant, in violation of California Labor Code § 226 and/or 1174(d).

21.    Further, Class Members were required to work "off the clock." After clocking out, each employee was required to have their bags checked by security. This took up to 15 minutes per shift for each employee—and Class Members were not paid for this time for "off the clock" work.

22.    Even after Plaintiff or Class Members were terminated or voluntarily resigned, Defendants refused to pay owed wages despite California Labor Code §§ 201-204, inclusive. More than 30 days has passed since certain individuals left Defendants' employ, entitling those individuals to the maximum penalties.

23.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above, including monetary losses and other damages in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover penalties and damages for the claims described herein in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

24.    Plaintiff brings this action on behalf of himself and as a class action on behalf of the following Hourly Employee Class and PTO Subclass:

> All persons were employed by Versace USA, Inc., in the State of California as a retail salesperson at any time on or after the date that is four years prior to when the Complaint was filed.
>
> > Terminated Subclass: All persons who are eligible for membership in the Class but who are no longer employed by Defendant.

Class Members can be identified through Defendants' records including employee timekeeping and payroll records.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

25.    Defendants and their officers and directors are excluded from any class defined in the preceding paragraphs.

26.    This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

b.    <u>Commonality</u>: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)    Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

2)    Whether Defendants violated and/or continues to violate, California Labor Code § 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

3)    Whether Defendants violated, and continues to violate California Labor Code §§ 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

4)    Whether Defendants violated and/or continues to violate California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also

-8-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.     <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

## FIRST CAUSE OF ACTION
## FAILURE TO COMPENSATE FOR ALL HOURS WORKED
(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

27.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

28.     Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code Sections 200-204, 225.5, 500, 510, 558 1197, 1198.

29.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

30.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

31.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

32.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

33.     Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage

-9-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

34.    As alleged throughout this Complaint, Defendants failed to track their hours worked or pay them for all hours worked, including overtime hours worked.

35.    Defendants refused to compensate Plaintiff and Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

36.    At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code Sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of his rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

37.    Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:   (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.   (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

38.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendants, in an amount to be established at   trial,   and   are   entitled   to   recover   attorneys'   fees   and   costs   of   suit.

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(Lab. Code § 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

39.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40.     Plaintiff and Class Members were employed by Defendants within the State of California.

41.     At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226.7 and 512.

42.     California Labor Code § 226.7 provides:

> No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> ….
> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

43.     Moreover, California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

44.     By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendants violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the applicable IWC Wage Order.

45.     Section 11 of the applicable Wage Order provides:

-11-

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

a.   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

b.   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

c.   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

46.   Moreover, Section 12 of the applicable Wage Order provides:

a.   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

47.   By failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and §§ 11 and 12 of the applicable IWC Wage Order.

48.   Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any Class Member.

49.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

-12-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

50.     Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

51.     Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

52.     Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

53.     Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Class Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

54.     Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Class Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

55.     Defendants routinely failed to authorize and permit all entitled meal and rest periods by requiring Plaintiff and Class Members to attend to business instead of authorizing and permitting Plaintiff and Class Members to take these meal and rest periods.

56.     Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

57.     Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

-13-

58.     Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods.  Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

59.     Plaintiff and Class Members have been deprived of his rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

60.     Plaintiff and Class Members have been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

### THIRD CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
(Lab. Code §§ 1174, 1174.5)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

61.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

62.     California Labor Code § 1174(d) provides:

Every person employing labor in this state shall … [k]eep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

63.     Defendants failed to maintain accurate records of the hours worked and the wages paid to Plaintiff and Class Members.   Defendants did not employ policies, procedures, and practices to track Plaintiff's and Class Members' hours.

64.     Plaintiff and Class Members were injured by Defendants' failure to maintain accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-14-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

65.   Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

66.   Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 1174, 1174.5, and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**FOURTH CAUSE OF ACTION**
**FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**
(Lab. Code §§ 226(e), 226.3)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

67.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

68.   California Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his social security number, except that by January 1, 2008, only the last four digits of his social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the

-15-

deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

69. California Labor Code § 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

70. California Labor Code § 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).
(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
(iv) The name of the employee and only the last four digits of his social security number or an employee identification number other than a social security number.

71. California Labor Code § 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

72. Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-16-

earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate.  Plaintiff and Class Members in fact never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours worked.

73. Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

74. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

75. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY FINAL WAGES ON TIME
(Lab. Code §§ 201-204)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

76. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77. California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.  Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

78. At all relevant times herein, Defendants failed to implement a policy and practice to pay Class Members, including Plaintiff, accrued wages and other compensation due

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-17-

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.  As a result, Class Members whose employment has ended have not been paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

79.    Defendant willfully failed to pay all final wages on time.

80.    Defendants willfully failed to pay all final wages to involuntarily terminated employees at the time of discharge even though California Labor Code § 201 requires that employers provide immediate payment of all final wages at the time of termination.

81.    Defendants willfully failed to pay all final wages on time to employees who voluntarily resigned. Defendants were made aware of each terminated employee's preference with respect to an election of whether to receive final wages by tender in person or by delivery. Those who elected to receive tender in person were present at the workplace to collect payment. Accordingly, California Labor Code § 202 has been satisfied.

82.    Class Members are not exempt from these requirements of the Employment Laws and Regulations.

83.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code § 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## SIXTH CAUSE OF ACTION
### RACE DISCRIMINATION AND HARASSMENT
(California Gov't Code §12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff Sampino as an individual against all Defendants*)

84.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

85.    At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code § 12940 et seq.) (hereinafter "FEHA) and Plaintiff was an employee within the meaning of the FEHA. This cause of action is

-18-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing.  Defendants regularly and systematically do business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants regularly employed five or more persons.

86.    Under the FEHA and the common law of the State of California, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic.  This public policy is embodied in the Constitution of the State of California and California Gov't. Code § 12940 and other provisions of law.  Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state. Defendants' conduct violates California public policy expressed in the FEHA.

87.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic.  Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940. Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v.  Kliger* (1990) 52 Cal. 3d 65.

88.    As alleged above, Plaintiff was entitled to protection under the FEHA based on the fact that Plaintiff is an employee that has a protected characteristic.

89.    As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code Section 12940 *et seq.*

90.     Defendants were aware that Plaintiff was an employee that has a protected characteristic.

91.    With respect to harassment pursuant to Section 12940(j) specifically, "employer" includes "any person regularly employing one or more persons or regularly receiving the services

-19-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." California Gov't Code § 12940(j)(4).

92.    California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

93.    California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment

from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

94.     Pursuant to California Government Code Section 12940(a), Defendants were prohibited from taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

95.     According to California Government Code § 12926(j), "'Mental disability' includes, but is not limited to, all of the following: (1) Having any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity. For purposes of this section:   (A) 'Limits' shall be determined without regard to mitigating measures, such as medications, assistive devices, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.   (B) A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult.   (C) 'Major life activities' shall be broadly construed and shall include physical, mental, and social activities and working."

96.     At all times mentioned herein, Plaintiff was qualified for the position he held and was performing competently in the position.   Furthermore, Plaintiff was willing and able to perform the duties and essential functions of his position with or without a reasonable accommodation.

97.      Defendants' discriminatory and harassing actions against Plaintiff, as alleged above, including his termination of employment, constituted unlawful discrimination in employment on account of the fact that Plaintiff was an employee that has a protected characteristic, in violation of California Government Code Section 12940.

98.     This is a claim for relief arising from Defendants' causing, and its failure to prevent, disability discrimination and harassment against Plaintiff.

99.     Because of Defendants' failure to prevent harassment and discrimination, Plaintiff suffered adverse employment actions, including termination.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-21-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

100.   Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by the fact that Plaintiff has a protected characteristic.

101.   Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

102.   As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, depression, anxiety, loss of sleep, loss of appetite, and body-aches in addition to their monetary damages.

103.   As a direct and proximate result of the actions of Defendants, including the discrimination and harassment against Plaintiff as described herein, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress.  Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits. Accordingly, Plaintiff is entitled to general compensatory damages in amounts to be proven at trial. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct describe herein above.

104.   Plaintiff is informed and believes, and based thereon allege, that the conduct of Defendants as alleged herein was malicious, oppressive, in conscious disregard of Plaintiff's rights, and with the purpose and intent of harming and injuring Plaintiff and defrauding him/her/them out of benefits and compensation to which he/she/they were rightfully entitled, and therefore constitutes "malice" as that term is defined in California Civil Code Section 3294, triggering the right to punitive and exemplary damages according to proof, as well as attorneys' fees and costs, pursuant to statute.

105.   By discriminating against and harassing Plaintiff in violation of Government Code Section 12940, Defendants acted willfully, oppressively, maliciously and with conscious

-22-

disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

106.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

107.    Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code Section 12965(b).

### SEVENTH CAUSE OF ACTION
### FAILURE TO PREVENT AND INVESTIGATE
### DISCRIMINATION AND HARASSMENT
(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff Sampino as an individual against all Defendants*)

108.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

109.    Under California law, there is a fundamental and well-established public policy against taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

110.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic.  Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940. Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v.  Kliger* (1990) 52 Cal. 3d 65.

111.    As alleged above, Plaintiff was entitled to protection under the FEHA based on the fact that Plaintiff is an employee that has a protected characteristic.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-23-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

112.   As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code Section 12940 *et seq.*

113.   Defendants were aware that Plaintiff was an employee that has a protected characteristic.

114.   At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code § 12940 et seq.) (hereinafter "FEHA) and Plaintiff was an employee within the meaning of the FEHA. This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing.  Defendants regularly and systematically do business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants regularly employed five or more persons.

115.   Under the FEHA, including California Government Code Section 12940(k), and the common law of the State of California, Defendants owe to Plaintiff and Class Members a duty to take all reasonable steps necessary to investigate or prevent harassment and discrimination.

116.   Plaintiff complained about the harassment and discrimination to one of Plaintiff's managers.  Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to stop the harassment and discrimination.

117.   Despite Defendants' knowledge of Plaintiff's complaints, Defendants failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment.  Defendants similarly failed to take all reasonable steps to prevent discrimination from occurring.   On information and belief, Defendants do not provide adequate anti-discrimination training to their workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff and Class Members.

118.   As a result of Defendants' acts and omissions alleged above, Plaintiff and Class Members suffered injuries and damages in an amount according to proof at trial.

119.   Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff has

-24-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and other monetary damages.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial, in addition to attorneys' fees and costs.

120.    Plaintiff seeks attorneys' fees and costs pursuant to California Government Code Section 12965(b).

121.    California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

-25-

122. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

**EIGHTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
(*Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff Sampino as an individual against all Defendants*)

123. Plaintiff incorporates by reference paragraphs 1 through 122 as though set forth fully herein.

124. Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on age. Said public policy is embodied in the Constitution of the State of California and California Labor Code §§ 98.6, 98.7, 230, and other sections of the Labor Code. Adverse employment actions taken by an employer motivated by the age and/or disability of an employee are contrary to said public policy and are thus actionable under the common law of this state.

125. Named Plaintiff was terminated from his employment with Defendants based upon Defendants' violation of public policy in retaliating against Named Plaintiff on account of his race.

126. During the course of his employment, Plaintiff met or exceeded expectations with regards to job performance. However, Plaintiff was terminated on or about October 1, 2016. Defendant(s) told Plaintiff he was not being terminated because of his "performance," but because he "[doesn't] understand luxury," and because he "[doesn't] know the luxury life." Defendant(s) also told Plaintiff that he was being dismissed because he hasn't "lived the luxury life." Defendant(s) told Plaintiff to quit because "that would make the paperwork easier."

127. Plaintiff alleges this constitutes race discrimination because defendants perceived minorities such as plaintiff as not understanding the "luxury life". Because "not understanding the

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

*Sampino v. Versace USA, Inc.*
First Amended Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

luxury life" was the reason given for plaintiff's termination, plaintiff's termination was wrongful and defendant is in violation of public policy.

128.   The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

129.   As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

130.   Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above.  By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

## NINTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

131.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

132.   Plaintiff brings this cause of action individually and on behalf of all others similarly situated.

133.   Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business & Professions Code Section 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

134.   In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the

-27-

amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

135.    Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

136.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's and Class Members' expense.

137.    Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

138.    Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

139.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

140.    Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's and Class Members' damages as herein alleged.

141.    Defendants' unfair business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and Class Members and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of all others similarly situated:

1.    Certification of this action as a class action on behalf of the classes defined herein and designation of Plaintiff as representative of the classes and his counsel as counsel for the classes;

2.    For penalties pursuant to Labor Code §§ 201-203, 226, 556, 1174(d), 1194, 1194.2, 2698 *et seq.* (after the claim under § 2698 *et seq.* has been added), and 2802, and any and all other provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

3.    For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

4.    For compensatory damages;

5.    Compensation for all hours worked but not paid;

6.    For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

7.    For special damages according to proof;

8.    For punitive damages where allowed by law;

9.    For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

10.    For injunctive relief;

11.    For pre-judgment and post-judgment interest as provided by law; and

12.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

-29-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Signed: April 12, 2017

**HOFFMAN EMPLOYMENT LAWYERS**

_____

Stephen Noel Ilg

Attorneys for Plaintiffs

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-30-

_Sampino v. Versace USA, Inc._
First Amended Complaint