**EMMA LAW, P.C.**
LEONARD EMMA, SBN 224483
lemma@employment-lawyers.com
STEPHEN NOEL ILG, SBN 275599
silg@employment-lawyers.com
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel: 415-362-1111
Fax: 415-362-1112

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SAMPINO, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br>vs.<br><br>VERSACE USA, INC., a New York corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 4:16-cv-07198-JSW<br><br>**[PROPOSED] JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENTS**<br><br>Date: August 16, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Court: Ctrm. 5, 2nd Floor |

## [~~PROPOSED~~] JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL AND MOTION FOR FEES, COSTS, AND ENHANCEMENTS

Pending before the Court are the (i) Motion for Final Approval of Class Action Settlement and (ii) Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments, filed by Plaintiffs Christopher Sampino, Joshua Gallegos, and Michael Gonzalez's (collectively, "Plaintiffs").

Plaintiffs' Motion for Final Approval requests an order (1) granting final approval to the settlement of claims as set forth in the Class Settlement Agreement and Addendum to Class Settlement Agreement (Dkt. Nos. 54-2 and 60-1, respectively) ("Agreement" or "Settlement Agreement") between the parties in the above-captioned matter; (2) granting approval of payment to the claims administrator; (3) dismissing this action with prejudice in accordance with the terms of the Agreement; and (4) entering Judgment.

Plaintiffs' Motion for Attorneys' Fees, Costs and Enhancement Awards requests an order (1) awarding $99,990 in attorney's fees, (2) an enhancement award of $2,000 to each of the three Representative Plaintiffs, and (3) reimbursement of litigation costs of $15,733.06.

On January 23, 2019, the Court entered an order preliminarily approving the Settlement. The Court certified the following class:

> All individuals who Versace employed in the State of California in a retail salesperson position from November 16, 2012 to September 21, 2018.

(Dkt. 61 ("Order Granting Preliminary Approval").)

On August 16, 2019, the Court conducted a hearing regarding Plaintiffs' Motion for Final Approval and Plaintiffs' Motion for Attorney's Fees, Costs, and Class Representative Enhancement Payments.

For the reasons stated below and at the hearing, the Court GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement and GRANTS Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments.

## STANDARD FOR APPROVAL OF CLASS ACTION SETTLEMENT

To approve a proposed settlement of a class action under Federal Rule of Civil Procedure 23(e), the Court must find that the proposed settlement is "fair, adequate and reasonable," recognizing that "it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

## STANDARD FOR MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

At the conclusion of a successful class action, class counsel may apply to the Court for an award of reasonable attorneys' fees. *See* Fed. R. Civ. P. 23(h). Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method. *See In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)). Each of these methods may be used to cross-check the other.

Class Counsel is typically entitled to reimbursement of all reasonable out-of-pocket expenses and costs in prosecution of the claims and in obtaining a settlement. *See Vincent v. Hughes Air West*, 557 F.2d 759, 769 (9th Cir. 1977).

"Incentive awards are fairly typical in class action cases . . . Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class . . ." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citing 4 *William B. Rubenstein et al., Newberg on Class Actions* § 11:38 (4th ed. 2008)). These payments work both as an inducement to participate in the suit and as compensation for time spent in litigation activities. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463 (describing the service award as an incentive to the class representatives); *Matter of Continental Illinois Securities Litig.*, 962 F.2d 566, 571 (7th Cir. 1992) (stating that an enhancement award should be in such an amount

-3-

"as may be necessary to induce [the class representative] to participate in the suit").

## MOTION FOR FINAL APPROVAL

For good cause shown, and as more fully explained below, the Motion for Final Approval is GRANTED.  The Court ORDERS as follows:

1. The presumption of fairness applies here.  As discussed above, Plaintiffs obtained sufficient information permitting them to assess the strengths and value of the case before engaging in settlement negotiations.  The Settlement was negotiated by capable counsel, using an experienced mediator.  In light of these facts, the Settlement is presumptively fair, and, as explained below, all relevant factors support final approval.

2. Final Certification of the Class.  The Class is comprised of the following individuals:

> All individuals who Versace employed in the State of California in a retail salesperson position from November 16, 2012 to September 21, 2018.

The Court finds that the Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Accordingly, for the purposes of settlement, the Court certifies the Class.  The Court finds and concludes that:  (a) the Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among the Class with respect to the subject matter of the litigation; (c) the claims of Plaintiffs are typical of the claims of the Class Members; (d) the Plaintiffs have fairly and adequately protected the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Plaintiffs, i.e., Class Counsel, are qualified to serve as counsel for Plaintiffs and for the Class.

3. For purposes of settlement, the Court appoints Plaintiffs Christopher Sampino,

Joshua Gallegos, and Michael Gonzalez as Class Representatives.

4. For purposes of settlement, the Court appoints Leonard T. Emma and Stephen Noel Ilg of the law firm of Emma Law, P.C., as Class Counsel for the Settlement Class.

5. The Court approves the Settlement and finds that it is a reasonable compromise of the claims brought on behalf of the Class, and that the Settlement was reached by the Parties after extensive discovery and intensive arms-length negotiations, with the assistance of experienced counsel.  The Settlement is fair, just, reasonable and adequate to, and in the best interest of the Class.  It achieves a definite and certain result for the benefit of the Class that is preferable to continuing litigation in which the Class would necessarily confront substantial risk, uncertainty, delay, and cost.  The Court also finds that the settlement terms negotiated by the Parties and described in the Settlement are a fair and reasonable resolution of a bona fide dispute between the Plaintiffs and Class Members on the one hand, and the Defendant on the other.

6. The Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; the experience and views of counsel; and the response of Class Members.  The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

7. This Order constitutes final approval of the Settlement.  The Settlement is binding on the parties to it and on all members of the Class in accordance with the terms of the Agreement. The Court notes that no Class Members opted out of the Settlement.

8. Notice was provided to Class Members as required by the Preliminary Approval Order.  The Court finds that the Notice procedure employed was the best practical notice under the circumstances and provided all members of the Class with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement

and/or exclude themselves from the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court finds that the allocation of $20,000 to Private Attorneys General Act ("PAGA") Claims (with $15,000.00 to be paid to the Labor and Workforce Development Agency) is within the range of reasonableness and helps serve the purpose of PAGA by providing private enforcement of penalties previously recoverable solely by the State."

10. Attorneys' Fees and Litigation Costs. As discussed in greater detail below, the Court approves Class Counsel's requested fees award of $99,990. The Court finds this fee award is justified. As discussed below, the Court finds that the reimbursement of costs requested in Plaintiffs' unopposed motion is reasonable and that Class Counsel shall be awarded the requested amount of $15,733.06 for litigation costs actually incurred in the prosecution of this matter. In addition, the Settlement Administrator shall be awarded $10,000 for its reasonable fees and expenses incurred in the administration of the settlement.

11. As discussed in greater detail below, the proposed Enhancement Payments of $2,000 to each of the three Class Representatives as set forth in the Settlement is approved for their services to the Class.

12. Administering the Settlement. The Parties and the Settlement Administrator shall continue to administer the Settlement as set forth in the Settlement.

13. As of the Settlement Effective Date (as that term is defined in the Settlement), the Class Members are forever barred from bringing or presenting any action or proceeding against any released party that involves or asserts any of the Specifically Released Claims (as that term is defined in the Settlement). Similarly, as of the Settlement Effective Date (as that term is defined in the Settlement), the Class Representatives are forever barred from bringing or presenting any action or proceeding against any released party that involves or asserts any of the Generally Released Claims (as that term is defined in the Settlement).

14. Subject to performance of the terms and conditions set forth in the Settlement,

claims in this action are hereby DISMISSED WITH PREJUDICE and, except as provided herein, with all parties to bear their own fees and costs.

15. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Settlement and all matters ancillary to the same.

16. This Order and the Settlement are not evidence of, or an admission or concession on the part of Defendant with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

17. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

18. Neither the Settlement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**MOTION FOR ATTORNEYS' FEES, COSTS AND ENHANCEMENT AWARDS**

For good cause shown, and as more fully explained below, the Motion for Attorneys' Fees, Costs and Representative Plaintiffs Enhancement Awards is GRANTED. The Court ORDERS as follows:

19. Under both the lodestar and percentage-of-recovery methods, Plaintiffs' request for $99,990 in attorneys' fees is reasonable and should be approved.

20. The Court first considers the lodestar method. The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the region and for the experience of the lawyer. *See Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). Though the lodestar figure is "presumptively reasonable," *Cunningham v.*

-7-

*Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988), the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of "reasonableness" factors, "including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)).

21. The Court finds that the number of hours expended by Class Counsel and the hourly billing rates are reasonable and establish a lodestar of $103,775, which is within the range of reasonableness for the California legal market and class action matters of this type.

22. Here, Class Counsel calculated total lodestar fees of $103,775 based on approximately 209.1 total attorney hours worked. The Court finds that the number of hours devoted to this case was reasonable and that the billing rates used by Class Counsel are reasonable and in line with prevailing rates in this district. The Court also finds that a positive multiplier could be applied to this case in light of the quality and effectiveness of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment, among other factors. However, this is unnecessary because Class Counsel's lodestar total exceeds Plaintiffs' request for attorneys' fees.

23. The propriety of the requested fee award is confirmed by a cross-check based on the percentage of the gross settlement amount obtained. The requested fee represents approximately 33% of the value of the settlement, which the Court finds appropriate in light of the results obtained, the novelty and difficulty of the questions involved, the skill required to litigate the case, the preclusion of other employment, and the contingent nature of the fee. The Court finds that the requested fee award is reasonable and therefore GRANTS the request.

24. Class Counsel provided an itemized list of the costs incurred during this litigation, separated by category. The Court has reviewed this submission and finds the requested costs award of $15,733.06 to be reasonable. The Court therefore GRANTS the request for costs.

25. The three Class Representatives seek enhancement awards of $2,000 apiece

-8-

*Sampino v. Versace / Case No. 4:16-cv-07198-JSW*
[Proposed] Judgment and Order Granting Motion for Final Approval and Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments

($6,000 total) for their service in this matter. The Court has reviewed the declarations submitted by the Class Representatives in support of the requested enhancement awards and the Court finds that the requested amounts are fair and reasonable. The Class Representatives helped Class Counsel investigate claims, connected Class Counsel with putative class members, monitored case status and progress, sat for deposition, and participated in mediation, among other things. The Class Representatives expended many hours on the case and subjected themselves to public attention and reputational risk. Plaintiffs have also provided Defendant with a general release of claims. In light of these facts, the Court GRANTS the Class Representatives' requests for an enhancement award of $2,000 each ($6,000 total).

## RELEASES AND OPT-OUTS

26. The Court approves the settlement of the above-captioned action, as set forth in the Settlement, each of the releases and other terms, as fair, just, reasonable and adequate.

27. Given that no Class Members requested exclusion, all Class Members have released the Specifically Released Claims as set forth in the Settlement.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court grants final approval of the Settlement, approving the releases set forth therein;
2. The Court awards Class Counsel $99,990 in attorneys' fees;
3. The Court awards Class Counsel $15,733.06 in costs; and
4. The Court awards enhancement payments to Class Representatives Christopher Sampino, Joshua Gallegos, and Michael Gonzalez in the amount of $2,000 each ($6,000 total).

Accordingly, the Settlement Administrator is hereby ordered to disburse funds as follows: (a) $99,990 to Class Counsel for attorneys' fees; (b) $15,773.06 to Class Counsel for costs; (c) $2,000 to each of the three Class Representatives for enhancement payments ($6,000 total); (d)

-9-

$15,000.00 to the LWDA (which equals 75% of the $20,000.00 allocation to PAGA claims); (e) $10,000 to the Claims Administrator, Analytics Consulting, LLC, for its fees and costs relating to the settlement administration process; and (f) the remainder to be distributed to the Class Members, as provided for in the Settlement.  Defendant Versace is ordered to pay the employer's share of all payroll taxes customarily and ordinarily paid by employers.  The Court finds that these amounts are fair and reasonable.

IT IS HEREBY ORDERED, ADJUGDED, AND DECREED THAT:

1.      Except as specifically set forth in the Settlement and this Order, Plaintiffs shall take nothing by the operative Complaint in this action;

2.      Pursuant to the Settlement, this Court shall retain jurisdiction over Plaintiffs, Class Members, and Defendant to enforce the terms of the Settlement and this Judgment and Final Approval Order.

Dated:  August 19, 2019

_____
Honorable Jeffrey S. White
United States District Court Judge